MARY J. LAPAN, petitioner for certiorari, *vs.* COUNTY COMMIS-SIONERS of Cumberland County.

Cumberland, 1875.—August 5, 1876.

*Certiorari. Records. County Commissioners.*

A writ of certiorari lies only to correct errors in law; and where the record contains no error, the writ cannot be issued.

County commissioners have a right to amend their records in accordance with the facts upon such evidence as the board in its discretion may deem sufficient.

PETITION FOR WRIT OF CERTIORARI, to quash the record of the county commissioners in the matter of the division of the county into jury districts.

Shortly before the entry of the petition at the January term of this court, 1875, the records of the county commissioners did not show a compliance with the provisions of R. S., c. 106, §§ 6 and 7. At about the time the petition was entered, the county commis-

sioners amended their record of March 8th, 1871, which as amended showed a compliance with the statute, and which amendment rendered nugatory a plea in abatement to an indictment against this petitioner on the ground that the grand jury finding it were not legally selected. At the April term of this court the justice presiding ruled *pro forma*, as matter of law that the petition could not be granted, and the petitioner excepted.

*M. P. Frank*, for the petitioner.

*C. F. Libby*, county attorney, for the commissioners.

VIRGIN, J. The *pro forma* ruling that upon the facts disclosed by the documentary evidence in the case, the prayer of the petitioner could not, as matter of law, be granted, was correct. A writ of *certiorari* lies only to correct errors in law; and where the record contains no error, the writ cannot be issued.

The petitioner's complaint is in general terms that the county commissioners did not, within one year after the census of 1870, divide the county into jury districts in accordance with the provisions of R. S., c. 106, §§ 6 and 7.

The original record of March 8th, 1871, did not show a compliance with the statute mentioned. The county commissioners declare that the division was in fact made at that time; and at the January term, 1875, upon the evidence then before them, they amended their record in accordance with the facts. This they had an undoubted right to do. *Dresden* v. *Co. Com.*, 62 Maine, 365. *Gloucester* v. *Co. Com.*, 116 Mass., 579 and cases. In the record as amended, there is no error.  *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH AND PETERS, JJ., concurred.