DANIEL F. EMERY *et al.* petitioners *vs.* CHARLES V. BRANN *et als.*

Cumberland. Decided March 31, 1877.

*Certiorari. Poor debtor.*

In a petition for certiorari to require justices of the peace and of the quorum to certify up the record of their proceedings in taking the disclosure of a debtor under c. 113, R. S., and to quash the same, it is not competent for the petitioner to introduce evidence *dehors* the record, to show error in the record or proceedings, or fraud; or that injustice was done.

Regularly, the petition should allege that the errors complained of appear by the record of the proceedings.

An allegation in the citation, that the debtor was arrested on the execution by a deputy of the sheriff of Somerset county, is sufficient to give jurisdiction to justices of the peace and of the quorum for that county. It will be presumed that the arrest was made within the jurisdiction of the officer.

ON REPORT.

PETITION FOR A WRIT OF CERTIORARI, to bring up and quash the proceedings of three justices of the peace and quorum, in admitting Charles V. Brann to the benefits of the oath provided in R. S., c. 113, § 30.

The petition did not set out the record or assign errors apparent therein; but did recite minutely and at length the judgment, execution, its delivery to the officer, and proceedings thereon, embracing the proceedings before the three justices. The petition, copy of the record, answers of the respondent and the original papers referred to, made part of the case.

The petitioners offered the original papers, showing the proceedings before the magistrates and proof of identity to impeach and complete the record, and to show fraud, and that injustice was done ; also the deposition of S. J. Walton, one of the magistrates who acted but did not sign the record, and other proof for same purpose.

If the original papers or other testimony are competent to be introduced to show error in the record of proceedings, or fraud, or that injustice was done, the case to stand for trial; otherwise, judgment for respondents.

The petitioner alleged misconduct and fraud of the magistrates,

and offered evidence thereof *dehors* the record, and closed with the following "objections to the legality and validity of the proceedings before the magistrates, touching the examination and disclosure, and all matters relating thereto."

" I. No legal citation.

" II. The magistrates excluded important and material witnesses and important and material testimony of witnesses present, and declined to and did not hear testimony offered which would have prevented the debtor from taking the oath before referred to.

"III. The debtor's examination and disclosure was not full and complete, but unfinished and incomplete for the various reasons herein before stated.

"IV. The debtor not having made the disclosure provided for and contemplated in R. S., c. 113, the justices were most manifestly in error in administering the oath to Brann.

"V. The justices were in error in not allowing and requiring the debtor to answer all interrogatories tending to show the real condition of the business of the debtor, and his ability to pay the debt due the creditors, and interfering with the examination by the counsel for the creditors, by limiting the time in which the examination must be closed, whether complete and thorough, or not."

The application to the justice, which was made, by reference, a part of the citation, commenced and continued so far as to raise the legal objection thereto, as follows : "To J. F. Holman, esquire, one of the justices of the peace in and for the county of Somerset : whereas I Charles V. Brann, of Madison, in said county, have been arrested by Josiah Tilton, a deputy sheriff under J. H. Chapman, sheriff of said county, on an execution which issued from the county of Cumberland," &c.

*H. Knowlton* and *W. J. Knowlton,* for the petitioners.

The question presented for the consideration of the court by the agreed statement, is not whether the particular evidence offered is competent for the purposes indicated, but whether any evidence, however clear and decisive, is admissible to establish either of the allegations.

The court is to determine whether fraud may be shown by any of the evidence offered or any which might be offered, and whether the record may be shown to be incorrect, by any of the evidence sought to be introduced, or by any testimony, oral or documentary.

The court is to determine in this case, whether gross injustice may be done by a court of inferior jurisdiction, and the injured party be entirely without remedy.

Fraud vitiates all proceedings. Brooms Legal Maxims, 736. If the proceedings were fraudulent or without jurisdiction from any cause, then they are void absolutely.

That the magistrates had no jurisdiction, and that the proceedings were fraudulent, that the record is not in accordance with the facts, and that great injustice was done, the petitioners claim to show by proper evidence in a court of competent jurisdiction to try and determine the rights of the parties.

*T. B. Reed,* for the respondents.

A petition for writ of certiorari is a proceeding well defined in its character and limitations. It is to quash a record for errors in the record itself. It is not an appeal or a new trial.

The proper practice is for the petitioner to set forth the record in his petition, and to specify the errors in the record on which he relies. On the part of the petitioner no evidence can be primarily introduced. The court say in *Rutland* v. *Co. Com. of Worcester,* 20 Pick. 71, 77, 78, "A petition for a writ of certiorari is well understood to be addressed to the discretion of the court. When the record is before the court upon the return of the writ, the court will look only at the record; for this reason it would be futile to admit evidence to contradict the record, on the petition for a certiorari; but it being within the discretion of the court to grant or refuse the writ, evidence extrinsic to the record may very properly be received to show that no injustice has been done, and that a certiorari ought not to be issued. The petitioners in the case before us, will in the first place exhibit the record and point out in what particulars they deem it to be erroneous or defective ; and then the respondents may prove by extrinsic evidence, that no injustice has been done, that if the proceedings shall be quashed,

the parties cannot be placed in *statu quo*, or that for any good reason a certiorari ought not to be granted. If such evidence shall be offered by the respondents, the petitioners will of course have a right to rebut it by like evidence." In other words the petitioner is bound by the record. The respondent, appealing to the discretion of the court, may show by extrinsic matter, that the certiorari ought not to be granted, even if there were errors, and the petitioners may rebut that showing, and that is all that can be done.

Here the petitioner admits, not in terms but by force of the stipulation in the last paragraph, that there are no errors in the record. He does not desire to quash the record but to impeach it. That cannot be done in this way. It is true after a general way, that fraud vitiates all things. But even in the cases where fraud can be set up it must be in proceedings which permit proof. If this were a proceeding to reverse the judgment, proof of fraud might then be admissible. But it is not a proceeding to reverse the judgment; it is a proceeding to quash a record. To propose to impeach a record by a proceeding to quash it, is like offering evidence on a demurrer. On a motion to quash an indictment no one has ever yet been heard to prove fraud on the part of the grand jury. The best test of petitioner's position is the absurdity which would result from its adoption. Practically although not in terms the record is admitted to be without error, consequently if it should be certified up it could not be quashed, and the writ would be issued for nothing. Courts of justice never intentionally do futile things.

This very question seems to have been repeatedly decided in this state. *Ross* v. *Ellsworth*, 49 Maine, 417.

We suggest that in both the Maine cases doubts are expressed if the writ of certiorari can properly be issued in such cases as this. See also *People* v. *First Judge, etc.*, 2 Hill, 398. *Allyn* v. *Commissioners*. It would seem to be true that the doubt has ripened into certainty.

*Knowltons*, in reply.

The petitioners ask for a writ of certiorari to correct a proceeding not in accordance with the common law. R. S., c. 102, § 13.

" Proceedings" is a broader term than "record," and embraces all that was done.

The record might be upon its face complate and the entire record fraudulent, and the party injured without remedy, if the court is not to examine the proceedings.

No appeal lies from the decision of the magistrates. This court has superintending power over inferior tribunals. *Dow* v. *True,* 19 Maine, 46, and cases.

By inspection it will be seen that interrogatory 239 of the original papers was important, was objected to and was not allowed to be answered by the debtor, and the papers show upon their face that the creditors were restrained in their examination. No claim is made that the interrogatory was improper, but the magistrates closed the examination as appears against the protest of the counsel for the creditors.

The original papers show that Brann had once been defeated before three magistrates, two of whom he selected, and his defeat would have been certain again after a full and fair disclosure.

If the creditors were restrained in the examination, the writ will issue. *Little* v. *Cochran,* 24 Maine, 509.

The citation making a part of the record does not show the debtor to have been arrested in Somerset county.

The entire record, or what purports to be, and the original papers are before the court, and the original papers written at the time, are the real record, and cannot be changed properly, to make a record to suit any party or to serve the interest of any party.

It would appear from the record made at the time most clearly that the creditors were restrained in their examination and, if so, the law as settled in *Dow* v. *True,* above cited, is applicable in this case.

The petitioners claim that the record (real and true) shows that the debtor did not disclose in that full, clear and honest manner contemplated by law by reason of the unjustifiable interference of the magistrate.

LIBBEY, J. The petitioners set out in their petition certain alleged irregularities and errors in the proceedings of the justices

of the peace and of the quorum, in taking the disclosure of the debtor, and administering to him the oath prescribed in c. 113, R. S. But it is not alleged in the petition that the irregularities and errors specified appear by the record of the justices, which they seek to have quashed. The petition should contain such an allegation. The respondent appeared and answered, and presented a copy of the record of the proceedings of the justices, duly certified, which is made a part of the case. We shall therefore consider the case as if the petition contained the proper allegations. The only alleged error appearing in the record, to which the attention of the court is called by the counsel for the petitioners, in their argument, is that it does not appear by the citation that the debtor was arrested and gave bond in the county of Somerset, and therefore the justices had no jurisdiction. This alleged error is not set out in the petition. The citation alleges that the debtor was arrested by a deputy sheriff, under the sheriff of the county of Somerset, and the petition contains the same allegation. The presumption is that the arrest was made by the officer within his jurisdiction. If, however, the debtor was not arrested in that county, the proceedings were unauthorized and void, and will furnish no defense to an action on his bond.

We have carefully examined the record of the proceedings before the justices, certified by them, and discover no error apparent upon the record.

But the petitioners claim the right to introduce evidence *dehors* the record, "to complete and impeach the record and to show fraud, and that injustice was done," and for these purposes they offered the original papers showing the proceedings before the magistrates, and proof of their identity, and also the deposition of S. J. Walton, one of the justices, who acted but did not sign the record. By the report, "If the original paper or other testimony are competent to be introduced to show error in the record or proceedings, or fraud, or that injustice was done, the case is to stand for trial, otherwise judgment for respondents."

In *Pike* v. *Herriman*, 39 Maine, 52, the petitioner offered to prove certain facts *dehors* the record; but the evidence was held inadmissible. The court say, "A writ of certiorari can present

only a record of their proceedings ; no testimony can be received from the petitioner to affect the record, or to prove other facts not appearing in it;" citing *Commonwealth* v. *Bluehill Turnpike Corp.*, 5 Mass. 420. The same rule was affirmed in *Ross* v. *Ellsworth*, 49 Maine, 417. See also *Rutland* v. *County Commissioners*, 20 Pick. 71.

Among the papers offered as original papers, the only one not contained, in substance, in the record, and which tends to contradict it is a paper purporting to be "Interrogatory 239. How did you lose the $600 or $700 to which you refer in your answer to interrogatory 233 ?" "The above inquiry or interrogatory I put into this examination and desire that the debtor may be permitted and required to answer." . . . . . This is signed by the attorney for the creditors, but there is nothing upon it showing that it was presented to the justices before the examination was closed, and ruled upon by them. By the record it appears that no such question was put to the debtor by the attorney for the creditors. The evidence offered is not admissible to show error in the record. Nor is it admissible to prove fraud. Upon this point it is sufficient to say that the petition alleges no fraud in the record. If there was fraud in the proceedings a writ of certiorari is not the proper remedy to correct it. Nor is the evidence admissible to show that injustice was done by the justices, for the reasons stated in the cases above cited.

In *Dow* v. *True*, 19 Maine, 46, and *Little* v. *Cochran*, 24 Maine, 509, cited and relied upon by the counsel for the petitioners, the errors complained of appeared by the record of the proceedings.

<em>Writ denied.    Costs for respondents.</em>

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.