INHABITANTS OF NOBLEBORO', petitioners for certiorari, vs. COUNTY COMMISSIONERS OF LINCOLN COUNTY.

Lincoln.    Decided December 17, 1878.

*Certiorari.    County commissioners.    Amendment.*

The legal location of the way was properly alleged in the petition to the county commissioners, the allegation presenting a case within their jurisdiction. *Held,* that, after final judgment, it must be understood that these allegations were satisfactorily proved, although the proof may not be set forth in the record. *Held,* also, that it was too late for the town, after the result of the proceedings against it and after final judgment, to cause its records to be amended so as to show that the way was not legally accepted, and thereby make the amended records the foundation for a petition for a writ to quash the proceedings before the commissioners.

The alleged error of want of notice to the town of the time and place of hearing before the jury did not appear in the records of the county commissioners, but in the records of the supreme judicial court. *Held,* that when there is no error apparent in the record of the commissioners, and the error appears only in the records of the supreme judicial court, of the proceedings in that court, a writ of certiorari is not the proper remedy to correct such error.    The remedy is by writ of error.

ON REPORT.

PETITION FOR CERTIORARI.

*A. P. Gould & J. E. Moore,* for the petitioners for the writ.

*Converse,* for Gowen & Knowlton, original petitioners.

*Hilton,* county attorney, for the county commissioners.

LIBBEY, J.    This is a petition for a writ of certiorari, and involves the validity of the proceedings on petition to the county commissioners of John L. Gowen and Olivia M. Knowlton, for an increase of damages, caused by the location of a town way, by the town of Nobleboro', over their lands.

In their petition, the petitioners set forth two grounds on which they rely to show the proceedings illegal and that they should be quashed.

I. The county commissioners had no authority to issue a warrant for a jury to assess the damages upon said petition, because the town way described in the petition had never been legally

accepted by the town, and was not legally located, and therefore the county commissioners had no jurisdiction over the petition.

II. Because the sheriff who served the warrant gave no notice to the town of the time and place of the view and hearing before the jury.

The prayer of the petition is that the record of the proceedings before the county commissioners may be quashed; and that the adjudication of the supreme judicial court, confirming the verdict of the jury, and ordering the cost of the proceedings for the fees of the jurors and others to be paid out of the county treasury, and the judgment of that court in favor of the petitioners against the town for their costs, be reversed and annulled.

Upon the first ground it is objected by the counsel for the petitioners that the record of the county commissioners does not show that they found that the way had been legally located, and therefore it does not appear that they had jurisdiction to issue the warrant for a jury.

The legal location of the way is properly alleged in the petition. The allegations in the petition upon this point present a case clearly within the jurisdiction of the county commissioners. In *North Berwick* v. *York Commissioners*, 25 Maine, 69, in discussing a point somewhat similar to the one under consideration, Whitman, C. J., in delivering the opinion of the court, says: " One ground insisted upon is that the commissioners have not directly adjudged of record, that the refusal of the town to confirm the doings of their selectmen was unreasonable. But it is so alleged in the petition under which they acted; and after final judgment we must understand that allegations duly and necessarily made were satisfactorily proved, although the proof may not be set forth in the record." Applying the rule there decided to the case at bar, we must infer that it was satisfactorily proved to the commissioners that the way had been legally located by the town.

But, by the evidence introduced by the petitioners, it appears that the record of the town as it then stood showed a legal location of the way by the town. The record was the only evidence of the fact. It could not be impeached or contradicted by parol

evidence. This evidence, introduced by the petitioners, may be considered by the court, in the exercise of its discretion, in determining whether the writ should be issued as prayed for. *West Bath pet's*, 36 Maine, 74.

The record of the town showed a legal location, and the original petitioners and the commissioners might well act upon it.

It is said, however, by the petitioners that their record was not correct; and they introduce, under the objection of the respondents, an amended record which it is claimed shows that the way was not legally accepted by the town. The amendment was made by leave of court, at the October term, 1876, after this petition was filed, allowing the town clerk to amend his record according to the fact.

The question arises whether it is competent for the petitioners, by this amended record, to show that the way was not legally accepted, and thus deprive the county commissioners of jurisdiction of the petition for an increase of damages, and set aside their whole proceedings. We think it is not.

They were duly notified of the pendency of the petition for an increase of damages, that they might be present and be heard thereon. They knew that by their record it appeared that the way was legally located. They knew that the petitioners and commissioners were acting upon the evidence of that record. They knew that if it was not correct and the fact was as is now shown by it, they could cause it to be amended and thus put an end to the proceedings. They elected not to do so and to make no suggestion of the error, but to take their chances in the proceedings before the jury and court. It was too late for them, after they found that the result of the proceedings was against them, and long after final judgment, to cause their record to be amended, and make it the foundation of a petition for a writ to quash the proceedings, and thus deprive the original petitioners of the benefit of their judgments, and cast upon the county the expense of the proceedings upon the warrant for a jury. To permit them to do so would be manifestly against equity, and would violate the rule well established which does not permit a party, who has a good ground of defense known to him, to lie by and

not make it, but take his chances on other grounds, and, if not successful, to afterwards set it up to defeat the judgment against him. *Whately* v. *Franklin Commissioners*, 1 Met. 336.

Assuming the second ground relied upon to be well founded in fact, is a writ of certiorari the proper process to correct the error? Certiorari is a writ issued by a superior court to an inferior one commanding it to certify up its record of some proceeding, not according to the course of the common law, that it may be seen and determined whether there is any error therein for which the record should be quashed. The error must appear in the record of the inferior court. The error relied upon in this case does not appear in the record of the county commissioners put in evidence by the petitioners. The sheriff's return of his doings on the warrant for a jury does not appear in their records. It should not appear there. By the provisions of the statute he is required to return the verdict to the supreme judicial court at the next term thereof to be held in the same county, with his doings. The person appointed to preside at the hearing before the jury is required to return to that court a certified report of the evidence introduced before him; and also to certify the substance of any decision or instruction by him given, when any party shall request it. Either party interested therein may file a written motion to set aside the verdict for the same cause that a verdict rendered in court may be set aside. The court shall hear any competent evidence relating to the same, adjudicate thereon, and confirm the verdict or set it aside for good cause; reserving the right of exception as in other cases. The clerk of the court shall certify such verdict, with the final adjudication of the court thereon, to the county commissioners at their next meeting after such adjudication. R. S., c. 18, §§ 12, 13.

All the proceedings under the warrant for a jury are brought directly before the supreme judicial court; and all questions of law arising upon those proceedings may there be raised, and the court must adjudicate upon them, and a party aggrieved may, by exception, bring the questions before this court for revision. The record of those proceedings and of the adjudication thereon remain in that court. The clerk is to certify to the commissioners

the verdict and the final adjudication thereon only. The commissioners have no power to adjudicate upon such questions. They must obey the mandate sent down to them. They cannot certify up the record of the supreme judicial court. When there is no error apparent in the records of the county commissioners, and the error appears only in the records of the supreme judicial court, of the proceedings in that court, a writ of certiorari is not the proper remedy to correct such error. It must be by writ of error. *Williams petr.*, 59 Maine, 517.

*Writ denied.*

APPLETON, C. J., DANFORTH, VIRGIN and PETERS, JJ., concurred.