FRANKLIN NELSON, Petitioner for Certiorari,

*vs.*

BOARD OF ENGINEERS OF PORTLAND FIRE DEPARTMENT.

Cumberland.     Opinion August 26, 1909.

*Certiorari.   Writ of, Does not Lie to Review Questions of Fact.   Private and Special Laws, 1907, chapter 350.*

The writ of certiorari lies only to correct errors in law, and not to review and revise the decision of a subordinate tribunal of a question of fact submitted to its judgment.

Chapter 350, Private and Special Laws of 1907, provides among other things, that the members of the fire department of the city of Portland, are subject "after hearing to removal at any time by the board of engineers, subject to the approval of the committee on fire department, for inefficiency or other cause." Under the provisions of this statute, the plaintiff was removed as a permanent member of the fire department by the unanimous vote of the board of engineers. Previous to the hearing which resulted in his removal, written notice was given to the plaintiff stating the charges against him.

*Held:*  1.   That the plaintiff was expressly charged in the notice with inefficiency, the statutory cause for removal, consisting not only of disobedience of orders, but also a lack of capacity, skill and ability to perform the duties required of him in his position.

2.   That whether or not the plaintiff was inefficient to perform the duties of the position from which he was removed was a question of fact, and that the board of engineers had jurisdiction under the statute to decide that question, and that their decision of that question was final and could not be reviewed under a writ of certiorari.

3.   That there was no error of law in the proceedings complained of.

On exceptions by defendants.   Sustained.

Petition for certiorari brought in the Supreme Judicial Court, Cumberland County, praying that the Board of Engineers of the Fire Department of Portland be ordered to certify to said court "the record of their proceedings relative to the discharge" of the plaintiff "to the end that said record or so much thereof as is illegal may be quashed."

"The defendants filed an answer to the petition and requested the court to rule that so much of said answer as was a copy of the record of said Board of Fire Engineers and of the record of the committee on Fire Department of the City Council of said City of Portland be held a good and sufficient answer to the petition." The presiding Justice made a pro forma ruling denying the request, and the defendants excepted. It was also "stipulated and agreed that if the court find the petition good and the portion of the defendants' answer which is a copy of the records of the Board of Fire Engineers and of the committee on Fire Department of the City Council, is not a good and sufficient answer to the petition or the court is of opinion that evidence aliunde the record is admissible upon the petition the case shall be remanded for further hearing at nisi, otherwise petition to be dismissed."

The notice given by the defendants to the plaintiff, and referred to in the opinion, omitting caption and signatures thereto, is as follows:

"You are hereby notified that there will be a meeting of the Board of Engineers of the Portland Fire Department held at their rooms at the Central Fire Station in said Portland, on Thursday, the twenty-first day of May, A. D. 1908, at seven thirty o'clock in the evening, at which time they will act upon the question of your removal from the office or position which you now hold as a permanent member of Fire Department of said City of Portland, on the grounds of inefficiency and other cause, at which time you may be present and show cause, if any you have, why such removal should not be made. Said inefficiency consisting of your inability to perform the duties of permanent fireman of said City of Portland, to wit, the duties of lieutenant of Engine 5 and Chemical 1 Company of the Portland Fire Department, in that on January 6, A. D. 1908, you violated one of the general orders of the Fire Department of the said City of Portland, by leaving the Engine House without first reporting to the floor man on duty that you were to leave the house and where you were going; in that on said January 6, you violated one of the general orders of said Department, by responding to a still alarm for a fire without any fire apparatus; in that on

the thirtieth day of January, A. D. 1908, you violated one of the general orders of said Fire Department, by responding to a still alarm for a fire without reporting the fire to the acting Chief of the Fire Department, who was then and there in your engine house; in that on the thirtieth day of January, you violated one of the general orders of said Fire Department by leaving the engine house without first reporting to the floor man on duty the fact that you were to leave the engine house and where you were going; in that you are generally inefficient, incompetent and unskillful in the performance of your duties at fires; and of your general inability to perform the duties required of you by your said position."

The case is stated in the opinion.

*Michael T. O'Brien*, for plaintiff.

*Emery G. Wilson*, for defendants.

SITTING: WHITEHOUSE, SAVAGE, SPEAR, KING, JJ.

KING, J.    Petition for a writ of certiorari to quash the proceedings of the Board of Engineers of the Fire Department of the city of Portland relative to the removal of the petitioner as a permanent member of said Fire Department. The case is before the Law Court on exceptions by defendants to pro forma rulings of the presiding Justice, together with a stipulation by the parties, and the real question here is whether the record of the proceedings complained of, as shown by the copy thereof contained in the defendants' answer, is a sufficient defense to the petition.

By the provisions of Chap. 350, Private and Special Laws of 1907, members of the Fire Department of the City of Portland were subject "after hearing to removal at any time by the board of engineers, subject to the approval of the committee on fire department, for inefficiency or other cause."

After written notice to the petitioner and a hearing, at which he was present in person and represented by his attorneys, and had a full opportunity to hear all the witnesses against him, and cross examine them, and testified in his own behalf, the Board of Engineers voted unanimously for his removal for inefficiency, and their action was approved by the Committee on Fire Department.

The gist of the petitioner's contention, as stated in his causes of error and in his argument, is that the notice served upon him contained only charges of inefficiency based upon certain alleged violations of the general orders of the fire department; that under that notice the Board of Engineers could not legally have found him inefficient for any other cause, and accordingly their finding is to be construed that he was found inefficient only in respect of those alleged violations of general orders; and that the record in question is not sufficient to support such a finding because it does not allege that there were in fact any such general orders.

Admitting, but without so deciding, that to support a removal of the petitioner for inefficiency based solely on the alleged violations of certain specified general orders the record ought to show that such orders existed, still an examination of the notice served shows unmistakably that the inefficiency charged against the petitioner was not "based wholly upon the infractions of these alleged general orders" as he claims.

On the contrary, in addition to the specifications of violation of general orders, the notice expressly set out that his inefficiency consisted also "in that you are generally inefficient incompetent and unskillful in the performance of your duties at fires; and of your general inability to perform the duties required of you by your said position." This language is explicit. It charged the petitioner with inefficiency because incompetent and unskilful at fires, and because of general inability to perform the duties required of him in his position. These specifications are in addition to and independent of those respecting the violations of general orders.

It appears also from the record that the Board of Engineers, as the result of the hearing, decided unanimously, not only that the charges of violating the general orders, as set out in the notice, were true, but also "that the said Nelson is inefficient and unable to perform those duties, being the duties incumbent upon him to do and perform in his position as a permanent fireman of the city of Portland."

Thus the record shows that the petitioner was expressly charged in the notice with inefficiency—the statutory cause for removal—

consisting not only of disobedience of orders, but also of lack of capacity, skill and ability to perform the duties required of him in that position, and that the Board of Engineers upon hearing found the charges true in each particular. The petitioner's contention therefore that under the notice served on him he could not have been tried and convicted for inefficiency based upon any other ground than the alleged violation of the general orders cannot be sustained.

He further complains in argument that the record is defective "in that it does not state the facts upon which the Engineers based their ruling." If by this he means that the record does not show for what cause he was removed, he is mistaken, for it is there clearly stated that he was removed for being "inefficient."

But evidently he claims that the record should show the evidence upon which the Board of Engineers decided the question of his inefficiency in order that this court may determine if it was sufficient to support their decision.

Such is not the office of the writ of certiorari, It lies only to correct errors in law, and not to review and revise the decision of a subordinate tribunal of a question of fact submitted to its judgment. *Frankfort* v. *County Commissioners*, 40 Maine, 389; *Hayford* v. *Bangor*, 102 Maine, 340; *Farmington River Water Power Co.* v. *County Commissioners*, 112 Mass. 206. In the last named case Gray, C. J., said: "A writ of certiorari lies only to correct errors in law, and not to revise a decision of a question of fact upon the evidence introduced at the hearing in the inferior court, or to examine the sufficiency of the evidence to support the finding, unless objection was taken to the evidence for incompetency, so as to raise a legal question."

Whether the petitioner was inefficient to perform the duties of the position from which he was removed is a question of fact. The Board of Engineers had jurisdiction under the statute to decide that question. It was decided by them, after a hearing at which the petitioner was present and heard and examined the witnesses against him and testified in his own behalf, and their decision of that question of fact is final, and cannot be reviewed under a writ of certiorari.

Finding no error of law in the proceedings complained of it is the opinion of the court that the record of those proceedings as set forth in the defendants' answer is a sufficient defense to the petition. The exceptions, therefore, must be sustained, and the petition for the writ of certiorari dismissed in accordance with the stipulation of the parties.

*Exceptions sustained.*
*Petition dismissed.*