FRANCIS CARTER

*vs.*

AUSTIN WILKINS, STATE FOREST COMMISSIONER
AND
STATE PERSONNEL BOARD

Kennebec.   Opinion, October 12, 1964.

*Jerome G. Daviau, Esq.,* for Plaintiff.

*Leon V. Walker, Asst. Atty. General,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

MARDEN, J. On appeal from a dismissal by the Superior Court of a complaint seeking review of a decision of the State Personnel Board, or, in terms of the law of certiorari, on appeal from the refusal of the Superior Court to correct a decision of the State Personnel Board.

Plaintiff, prior to the events out of which this controversy arises, held a position in the state service, classified as Forester, under the State Personnel Law (Chapter 63, R. S., 1954, as amended). Following an injury sustained in an automobile accident, and in line of duty, on June 22, 1961, and a period of disability lasting until March of 1963, plaintiff sought to return to work for the State, was not permitted to do so by ruling of the "appointing authority" (Sec. 1, Subsection I, same) of the State Forestry Department. Plaintiff appealed from the ruling of the appointing authority to the Personnel Board (Board).

The legal issue before the Board involved plaintiff's status and rights under the Personnel Law and rules having the effect and force of law promulgated thereunder (Sec. 4, Subsection II, same), governing absence from duty. The factual issue involved interpretation of correspondence between the plaintiff, or others on his behalf, and the Forestry Department through its Commissioner (the appointing authority) and its Deputy Commissioner, and evaluation of the nature and extent of plaintiff's disability as bearing upon his employment status. Plaintiff contends that in the light of the facts, including such facts as to compel a finding of waiver of, or estoppel to apply, certain conditions imposed by the rules, he must be considered to have been on leave of absence and refusal by the Forestry Department to restore him to duty violated his employment rights. The Department contends that plaintiff's absence, after the expiration of earned vacation and sick leave, without specific grant as required by the rules, and no facts to justify finding of waiver by the Department and no law to permit estoppel of the Department, was absence without leave which ripened into a resignation, which was recorded, and plaintiff became thus separated from the service.

The Board sustained the ruling of separation from the service, and from this Board decision plaintiff sought review in the Superior Court by complaint under the provisions of Rule 80B M. R. C. P. The Board urges that its decision is not subject to review.

The Superior Court correctly treated the complaint as a petition for writ of certiorari, in its discretion granted leave for an order (writ) of certiorari to issue (*Rogers* v. *Brown,* 134 Me. 88, 90, 181 A. 667), the Board, in response to the order, certified to the court the record of its action, consisting of stenographic report of the plaintiff's hearing before it, exhibits, and the minutes of the pertinent Board meetings. The Superior Court dismissed the complaint (refused to revise or correct the Board's decision).

The present issues, broadly stated, are two:

1)   Does the plaintiff have the right to have the decision of the Board reviewed?

2)   If so, is there reversible error?

A right of appeal is not inherent in our legal system. 4 Am. Jur. (2nd), Appeal and Error § 1. It is conferred only by statute or provisions allowing review by extraordinary writ.

Rule 80B of our Rules of Civil Procedure provides:

"When a statute provides for review * * * of any action by a governmental * * *, board, * * *, whether by appeal or otherwise or when any judicial review of such action was heretofore available by extraordinary writ, proceedings for such review shall be instituted by filing a complaint with the court.   * * *."

There is no statutory right of appeal from a ruling of the Personnel Board.

There being no statutory right of appeal, the right to have the decision of this administrative board reviewed rests upon its theretofore availability by extraordinary writ. Such writ was that of certiorari, known to the common law, but provided by Sections 13-16 of Chapter 129, R. S., 1954, as amended (*Chavarie* v. *Robie,* 135 Me. 244, 194 A. 404) whereby the Supreme Judicial Court or the Superior Court may command an inferior court "to certify up its record of some proceeding, not according to the course of the common law, that it may be seen and determined whether there is any error * * *." *Inh. of Nobleboro* v. *County Commissioners of Lincoln County,* 68 Me. 548, 551; *Toulouse et al.* v. *Board of Zoning Adjustment, City of Waterville,* 147 Me. 387, 392, 87 A. (2nd) 670. This method of review reaches only proceedings of bodies and officers acting in a judicial

or quasi-judicial capacity. *Rogers, supra,* at 90. It has been applied to review the proceedings of Justices of the Peace and of the Quorum, *Emery* v. *Brann,* 67 Me. 39; Boards of County Commissioners of which *Inh. of Nobleboro, supra,* and *Levant* v. *County Commissioners of Penobscot County,* 67 Me. 429 are representative; Municipal Officers in *Andrews* v. *King,* 77 Me. 224; Board of Engineers in *Nelson* v. *Board of Engineers of Portland Fire Department,* 105 Me. 551, 75 A. 64; Board of Police in *Jellerson* v. *Board of Police of the City of Biddeford,* 134 Me. 443, 187 A. 713; and Board of Zoning Adjustment in *Toulouse, supra.* See also 14 C. J. S., Certiorari § 46.

> "Whether an act is judicial or quasi-judicial so as to be reviewable by certiorari depends on the nature of the act performed, rather than on the character of the officer or body performing it. Judicial action is an adjudication on the rights of parties who, in general, appear or are brought before the tribunal by notice or process, and on whose claims some decision or judgment is rendered." 14 Am. Jur., Certiorari § 17. Reiterated in 14 C. J. S., Certiorari § 17 b.

If, then, the Personnel Board, acted in this case as a judicial or quasi-judicial body, its decision in that respect is subject to review by way of Rule 80B M. R. C. P.

The Personnel Law and its powers and duties to prescribe rules relative to eligibility, classification, compensation, promotion, demotion, suspension, layoff, dismissal, and leave of absence, among others, create rights in and obligations of the employee and any decision by the Board affecting those rights is quasi-judicial. See *Smith* v. *Highway Board et al.,* 91 A. (2nd) 805, [9-11] 809, and [20, 21] 812 (Vt. 1952).

It is urged that "(a)nother test (of the judicial character of an act) is whether the parties at interest had a right under the law to demand a trial in accordance with judicial

procedure, not whether they were in fact given opportunity to be heard" (14 Am. Jur., Certiorari § 17) ; that the Personnel Law does not provide for a hearing in accordance with judicial procedure and it follows, therefore, that its action is not of that judicial category as to permit review.

In this connection emphasis is placed by the State upon the use in the statute of the word "investigate" and "investigation" in lieu of "hearing" as it pertains to Board action upon certain controversies arising under the Personnel Law.[1]

---

[1] It must be conceded that there may be a difference between "investigation" and a "hearing." *Genecov et al.* v. *Federal Petroleum Board*, 146 F. (2nd) 596, [7] 598 (5th C. C. A. 1944), cert. denied 65 S. Ct. 913 (1945) ; *Jordan* v. *American Eagle Fire Insurance Company*, 169 F. (2nd) 281, [1, 2] 285 (C. A., D. C. 1948) ; and *Bowles Admr. of Office of Price Administration* v. *Baer et al.*, 142 F. (2nd) 787, [1] 788 (7th C. C. A. 1944). A difference has been emphasized in *In Re Securities & Exchange Commission*, 14 F. Supp. 417 (D. C., N. Y. 1936) affirmed 84 F. (2nd) 316 and *Seatrain Lines, Inc.* v. *United States of America and Interstate Commerce Commission*, 168 F. Supp. 819 (U. S. D. C., N. Y. 1958). Under other statutes or regulations it has been held that the meaning of the words may be synonymous. *American Employers' Ins. Co.* v. *Commissioner of Insurance*, 10 N. E. (2nd) 76, [6] 81 (Mass. 1937) ; *Steen* v. *Board of Civil Service Commissioners, et al.*, 160 P. (2nd) 816, 818, [8, 9] 820 (Cal. 1945) ; and followed in *Ratliff* v. *Lampton, et al.*, 195 P. (2nd) 792, [4] 795 (Cal. 1948). It is implicit in all such cases that though the meeting from which a ruling emanates be labelled an investigation, if rights and obligations of adversaries are fixed, due process of law requires a "hearing" in its judicial sense. *United States* v. *Appalachian Electric Power Co.*, 107 F. (2nd) 769, [26, 27] 792 (4th C. C. A. 1939) ; and *Steen, supra.*

The "investigation" required at the request of the employee who contends that he has been deprived of rights established by the personnel law, the power of the Board to summons witnesses and records, and its mandate to reinstate an employee upon finding that the action of the deprivation of rights is contrary to the personnel law, under the principles of "due process" contemplates and demands a "hearing." The words in the statute directing reinstatement of such employee, if the action of the appointing authority be found "to be contrary" to the personnel law is but another way of saying that the employee may be deprived of rights only "for cause," which phrase appears in line 1 of Section 21,-- as applied to certain changes in employment status. See *Steen, supra*, where a city charter provided that, as applied to the City Civil Service Commission, the Commission was re-

The personnel law grants the power and imposes the duty upon the Personnel Board in Sec. 4, Subsection III:

> "To make investigations and report its findings and recommendations in cases of dismissal from the classified service as is provided in Section 21."

Section 21 provides that an appointing authority may dismiss an employee for cause, but at the request of the employee the Board *shall investigate* the circumstances relating to the action and if the charges for dismissal are found unwarranted, the Board shall order reinstatement of the employee. We are not here concerned with a "dismissal." The section also provides that, at the request of the employee, the Board *shall investigate* the circumstances relating to an action of an appointing authority which deprives an employee of rights established by the personnel law or by rules promulgated thereunder and that if the action of the appointing authority be contrary to the law and rules, that the Board shall order immediate reinstatement of the employee.

In Section 4, Subsection VIII, the Board has the power to administer oaths, issue subpoenae to witnesses and for documents and seek to employ contempt process through the court for failure of a summonsed witness to appear and comply.

---

quired to investigate the grounds for discharge for cause of an employee, and the court says:

"The rule is firmly established that if by statute * * * (a) civil service employee may not be * * * discharged except for cause, the clear implication is that there be afforded an opportunity for a full hearing to accomplish his removal; that unless the statute expressly negatives the necessity of a hearing, common fairness and justice compel the inclusion of such a requirement * * *."

In the *rules* the word "hearing" is used. Rule 13.1 c.[2] provides an appeal to and hearing before the Board by dismissed, demoted, pay-cut and suspended employees.

If the employee does not fall into one of those categories, but claims aggrievement through error in applying the personnel law and the rules, Rule 13.1 d.[3] provides for "investigation and hearing or either of them." Rule 13.2[4] makes it clear that all *hearings* under the personnel law are intended to comply with the requirements of due process, though more casually observing the law of evidence.

Whether plaintiff were dismissed or was subject of automatic resignation under a "leave of absence" rule he was entitled to,— and did in fact receive a "hearing" in its judicial sense.

Section 4, Subsection VII, grants the power and imposes the duty "to keep full and complete minutes of its proceedings, which shall, subject to reasonable regulations, be open to public inspection."

---

[2] 13.1 c.   Appeals from Dismissal, Reduction in Pay, Demotion, or Suspension

"Any permanent employee who is dismissed, demoted, reduced in pay or suspended without pay may appeal to the board within thirty calendar days after such action is taken. Upon such appeal, both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard and to present evidence."

[3] 13.1 d.   Other appeals and Investigations

" * * * The board shall receive and consider any protest by an employee or appointing authority in any matter concerned with the administration of the personnel law and these rules, and after such investigation and hearing or either of them as the board may deem desirable in any case, shall indicate to the director such remedial action as it may deem warranted. * * * ."

[4] 13.2   Hearings

"All hearings held under the provisions of the personnel law and these rules shall provide an opportunity for interested persons to be heard and shall not be subject to technical rules of evidence. The board shall determine the time and place of hearing."

It has been pointed out that a writ of certiorari may operate only upon the record of the tribunal, the correction of which is sought and our attention is addressed to the question of whether the "Minutes of the Board" required under Section 4, Subparagraph VII, constitute a record which a writ of certiorari can reach.

While it has been held that to "minute" is "to make a brief summary of" *Hinshaw* v. *State*, 47 N. E. 157, 171 (Ind. 1897) and that the "minutes" of a presiding judge or clerk of court form the basis of a subsequently made court record, *Kreisel* v. *Snavely, et al.*, 115 S. W. 1059, 1060 (Mo. 1909), in instances where the "minutes" and the record are not in agreement, the minutes control, *Kansas City Pump Co.* v. *Jones, et al.*, 104 S. W. 1136 (Mo. 1907) and, where, under practice in which no judgment roll is made up, the clerk's minutes are considered as part of the sentence, *Ex Parte Lamar*, 274 F. 160, [5] 172-174 (2nd C. C. 1921) affirmed in 260 U. S. 711, and if the "minutes" are put into the record they constitute sufficient formal entries of record, *Warden of United States Penitentiary Annex at Ft. Leavenworth, Kansas* v. *De Londi*, 62 F. (2nd) 981, 982 (10th C. C. A. 1933).

In its action herein the Board acted as a quasi-judicial body. The minutes of the Board are the record of its proceedings and the record may be reviewed via petition for Writ of Certiorari under the procedure prescribed by Rule 80B M. R. C. P. It is, however, a limited review.

"The writ (of certiorari) prayed for can present only the record of the proceedings of the tribunal." *Ross* v. *Ellsworth, et al.*, 49 Me. 417.

"The error must appear in the record of the inferior Court." *Nobleboro, supra,* at 551, *Chavarie, supra,* at 245.

It "lies only to correct errors in law." *Lapan* v. *County Commissioners of Cumberland County*, 65 Me. 160; *Levant,*

*supra,* at 434; *Nelson, supra,* at 555; and *Toulouse, supra,* at 392.

When the record is certified to the reviewing court in response to the writ of certiorari it "is conclusive in all matters of fact within its jurisdiction." *Levant, supra,* at 435. The writ does not deal "with the evidence unless some question of law is raised in relation thereto." *Levant supra,* at 434.

"It lies only to correct errors in law, and not to review and revise the decision of a subordinate tribunal of a question of fact submitted to its judgment." *Nelson, supra,* at 555.

See *Stevens* v. *County Commissioners,* 97 Me. 121, 53 A. 985.

Under certiorari the scope of review, as to finding of fact, is the same as that applicable to the decisions of other administrative agencies, and will permit a correction only when the finding is not supported by credible evidence *(Chequinn Corporation* v. *Mullen, et al.),* 159 Me. 375, 383, 193 A. (2nd) 432; substantial evidence *(Bangor & Aroostook Railroad Co. Re. Application, Etc.),* 157 Me. 213, 222, 170 A. (2nd) 699; such evidence as taken alone will justify the conclusion *(Bangor & Aroostook Railroad, Re: P. U. C. Certificate J #44),* 159 Me. 86, 89, 188 A. (2nd) 485, which standards are synonymous in meaning. Whether this standard is met is a question of law. *Public Utilities Commission* v. *Cole's Express,* 153 Me. 487, 492, 138 A. (2nd) 466.

Here the Board, in response to the order in certiorari, elected to support its certified record (minutes) by submitting to the Superior Court the stenographic report and the exhibits entered in the Board hearing. With this material before it, the issue there was whether there appeared error of law, — in the record (minutes), or conclusions of fact not warranted by the evidence.

The gist of plaintiff's claim rests in the controversial issue of whether the Department, by its conduct during the period of his absence from duty, legally could and did waive conditions imposed by the rules governing an employee's leave of absence, or was estopped to apply them.

The Superior Court held that the Board would be compelled to conclude that the Department had waived (expressed in terms of estoppel) until December 5, 1961 the requirement that the absent employee be specifically granted a leave, — which in fact he was never granted, but that thereafter it was legally justified in considering that plaintiff was absent without leave and subject to separation from the service. Commenting correctly that it could not substitute its judgment for that of the Board, the court held that there was substantial evidence to support the Board's findings and concluded that there was no error of law.

We do not pass upon the question whether the Forestry Department and the Board could be estopped by conduct of the appointing authority or his representative. Error, if any, by the Superior Court in that respect favored the plaintiff and does not alter the result.

The transcript of the testimony before the Board is not before us. From the portions of the record designated on appeal we are urged that error of law must be found. We find none.

*Appeal dismissed.*