### DEPARTMENT OF MENTAL HEALTH AND CORRECTIONS of the State of Maine

v.

### Peter W. BOWMAN, M.D. and State Employees Appeals Board.

Supreme Judicial Court of Maine.

July 31, 1973.

Courtland D. Perry, Asst. Atty. Gen., Mental Health and Corrections, Augusta, for plaintiff.

Smith, Elliott & Wood, P. A. by Charles W. Smith, Saco, Merle C. Rideout, Jr., Portland, Morton A. Brody, Waterville, for defendants.

Before DuFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

In State Board of Education v. Coombs and State Employees Appeals Board, 308 A.2d 582 (Me.1973), we recognized the right of a state agency to seek judicial review of an adverse ruling of the State Employees Appeals Board, using Rule 80B for so doing. In *Coombs,* however, Rule 80B was not utilized until there had been a complete hearing and a determination not only of the jurisdictional issues but of the grievance itself.

In the case now under review, the Department of Mental Health and Corrections of the State of Maine sought an immediate judicial review of a ruling by the State Employees Appeals Board denying a motion to dismiss for want of jurisdiction. When the matter came before a Justice of the Superior Court, he dismissed the 80B complaint, reciting as one of his reasons for so doing, the following, "for the . . . reason that the plaintiff . . . never even attempted to permit the State Employees Appeals Board to consider the alleged grievance, have a hearing thereon, and decide the case on its merits." We agree with this reasoning.

■ We see a direct analogy between the procedure as here presented and our well established position refusing to review interlocutory orders of the Superior Court except those coming within the exception of Rule 72(c), Maine Rules of Civil Procedure. The State Employees Appeals Board, being a quasi-judicial body,[1] should be no more vulnerable to appeals under Rule 80B of its interlocutory rulings than is the Superior Court. *See* Fields, McCusick and Wroth, Maine Rules of Civil Procedure, Commentary 73.1. As a matter of policy, if we opened the door to "piecemeal" review of rulings of this particular board, we would be utterly defeating an obvious legislative purpose, namely, to afford state employees an expeditious, inexpensive and effective means of solving their employment grievances. *See* 5 M.R.S.A. § 753.

The entry is:

Appeal dismissed.

All Justices concurring.

[1]. Carter v. Wilkins, 160 Me. 290, 203 A.2d 682 (1964); State Board of Education v. Coombs, *supra.*