**Roger N. WOODCOCK et al.**

**v.**

**Hadley P. ATLASS.**

Supreme Judicial Court of Maine.

June 11, 1976.

Locke, Campbell & Chapman by Harry N. Starbranch, Augusta, for plaintiffs.

Martin L. Wilk, Deputy Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

PER CURIAM.*

This appeal originates from an action for declaratory and other relief in the Superior Court in Kennebec County. The plaintiffs[1] are former State employees who held classified professional positions in the Department of Commerce and Industry until that department was abolished by the enactment of P.L.1975, ch. 481. This legislation transferred some of the functions performed by the Department of Commerce and Industry, and all of its appropriations, to the new State Development Office. The plaintiffs, who were laid off in July, 1975, claimed that they are entitled to positions in either the State Development Office or the State Planning Office under the authority of P.L.1975, ch. 481, § 6 which provides, *inter alia*, that

"[c]lassified professional employees of the Department of Commerce and Industry shall be transferred to jobs consistent with their skills and seniority, either in the State Planning Office or the State Development Office."

The plaintiffs sought a declaration that P.L.1975, ch. 481 requires defendant Hadley P. Atlass, Director of the State Development Office, to transfer them to one of the two above named offices and an order directing the defendant to continue their employment. The defendant claims that the legislation required the transfer of classified professional employees in the Department of Commerce and Industry to similar positions in the State Planning or Development Offices only to the extent that such positions exist.

At hearing on July 17, 1975, the Court on its own motion raised the question of jurisdiction and asked the parties to submit memoranda of law on this issue. On July 30, the Court dismissed the action for lack of jurisdiction. The Court ruled that 5 M.R.S.A. § 752 provided that, except as specifically excluded, all grievances between a state employee and the agency by which he is employed must initially be submitted to the State Employees Appeal Board. The purpose of this legislation, in the language of the presiding Justice, was to minimize "labor disputes within the executive branch of the government by making mediation and arbitration available to resolve grievances arising within the governmental framework". The Court ruled that this purpose would be frustrated by the premature judicial intervention in the form of a declaration of the plaintiffs' rights under P.L.1975, ch. 481.[2] We agree that 5 M.R.S.A. § 752 confers pri-

---

* The opinion in this case was written by Weatherbee, J. and adopted by the Court after his death.

1. The Maine State Employees Association, originally named as a party plaintiff, was dropped by agreement of counsel. Irving C. Davis, also an original party plaintiff, voluntarily withdrew.

2. The language of the Superior Court's order is somewhat ambiguous. The order speaks of the Court's "acceptance" of jurisdiction, suggesting a discretion in the Court to accept or decline subject matter jurisdiction over the plaintiffs' case. This language probably refers to the Court's discretion to issue a

declaratory judgment, an issue mooted by a cogent reading of the Court's order. The Court itself raised the issue, noting that jurisdiction cannot be conferred on a court by consent and in its final order stated that the Court "has no jurisdiction to entertain plaintiffs' action" before dismissing the complaint for lack of jurisdiction. This language and its discussion of the purpose of the Appeals Board satisfy us that the Court refused to hear the action because it believed that the Legislature had determined that the employee's exclusive preliminary resort must be to the State Employees Appeal Board and had therefore precluded initial jurisdiction in the Superior Court.

mary jurisdiction upon the State Employees Appeals Board and we deny the appeal.

We most recently discussed the doctrine of primary jurisdiction in *State ex rel. Brennan v. R. D. Realty Corp.*, Me., 349 A.2d 201, 206 (1975) where we stated that the doctrine "determines whether the Court or the agency should make the initial decision." The doctrine is designed to resolve the question of who should act first. Where the administration of a particular statutory scheme has been entrusted to an agency, the Court will postpone consideration of an action until the agency has made a designated determination if such postponement will protect the integrity of the statutory scheme. *United States v. Philadelphia Nat'l Bank*, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963); *Thompson v. Texas Mexican Ry. Co.*, 328 U.S. 134, 66 S.Ct. 937, 90 L.Ed.2d 1132 (1946). The functions of the State Employees Appeal Board are within the scope of this doctrine.

The efficacy of mediation and arbitration for labor disputes in the private sector is well-recognized. *See, e.g.*, 26 M.R.S.A. §§ 951–60. The three-member State Employees Appeals Board is charged with the authority to mediate all grievances and disputes between state employees and their employers, except in matters of classification and compensation. The Legislature has established a procedure for the mediation and settlement of all such labor disputes which requires that the aggrieved employee must *first* attempt to adjust the grievance with his or her immediate supervisor. If the employee remains unsatisfied, either he or his representative may appeal first to his Department head and then to the Director of Personnel before submitting his complaint to the Appeals

Board for binding arbitration. The Legislature has specified the time limits within which each of these steps must occur.

The purpose of the Appeals Board has been previously recognized to be the minimization and speedy resolution of labor disputes within the public sector. *State Board of Education v. Coombs*, Me., 308 A.2d 582 (1973). By providing state employees with "an expeditious, inexpensive and effective" method for resolving their employment grievances (*Department of Mental H. & Corrections v. Bowman*, Me., 308 A.2d 586, 587 (1973)), the mediation-arbitration process avoids the potential disruption and dissatisfaction attending a lengthy and laborious judicial settlement of the dispute. *See Lewiston Firefighters Association v. City of Lewiston*, Me., 354 A.2d 154 (1976). To better achieve that purpose, the Legislature made mediation and arbitration before the Appeals Board mandatory.

> "All complaints between a state employee and the state agency by which he is employed *shall* be made and heard in the manner provided by this chapter for the mediation and settlement of such complaints."[3] 5 M.R.S.A. § 752 (emphasis added).

Allowing one party to resort to the courts in the first instance would deprive both parties of a uniform method for the settlement of labor disputes. Clearly, resolution of this particular claim will affect future relations between other state agencies and their employees. Lay-offs are of obvious concern to all state employees and their potential as a source of disruption is minimized by their speedy and uniform resolution before a body knowledgeable and experienced in the resolution of labor grievances. Uniformity of method is a desired goal not only in the arbitration of la-

---

3. That the plaintiffs here are no longer employed by any state agency should not remove them from the Board's authority. We agree with the Superior Court that "[l]ay-offs of employees resulting from a reduction in the work force or from the transfer of functions from one department to another are the classic kinds of problems regularly and routinely considered by boards of mediation and arbitration".

bor disputes (*see Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L. Ed.2d 580 (1965)), but because it avoids possible conflict between overlapping judicial and administrative requirements, is a principal basis for the doctrine of primary jurisdiction. K. Davis, Administrative Law Text, 374 (3d ed. 1972). Both the efficiency and uniformity which the Appeals Board is fashioned to achieve would be defeated by premature judicial intervention.

The plaintiffs note that they are seeking declaratory relief and argue that the Uniform Declaratory Judgments Act (14 M. R.S.A. §§ 5951–63) should be liberally construed to permit resolution of disputes which, like the one at hand, turn on the interpretation of a statute. *Berry v. Daigle,* Me., 322 A.2d 320 (1974); *see* 14 M.R.S.A. § 5954. The plaintiffs note, moreover, that a party may maintain a proceeding for a declaratory judgment even though another remedy is available. *Higgins v. Robbins,* Me., 265 A.2d 90 (1970); 14 M.R.S.A. § 5953. The plaintiffs argue that the union of these principles is sufficiently strong to compel judicial declaration of the parties' rights in the present action.

We are satisfied that the question of jurisdiction here cannot be resolved by balancing two substantially compelling or weighted remedies. We see in this statute a policy decision by the Legislature to withhold original judicial relief on the merits of such State employer-employee controversies and to direct efforts toward resolution of the disputes into the newly created channels of mediation and arbitration. The scope and design of the Appeal Board's functions require that the Court must postpone action until that body has made its determination of the issue.

The entry will be:

Appeal denied.

All Justices concurring.