STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2004 JUN 29  A 11: 35

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-03

MICHAEL BONNELL,

       Petitioner

    v.

STATE OF MAINE
DEPARTMENT OF
HUMAN SERVICES

       Respondent

ORDER ON RESPONDENT'S
MOTION TO DISMISS AND
PETITIONER'S MOTION FOR
TRIAL

DONALD L. GARBRECHT
LAW LIBRARY

JUL 20 2004

This matter is before the court on the respondent's motion to dismiss the

petitioner's complaint for lack of subject matter jurisdiction pursuant to M.R. Civ. P.

12(h)(3) and failure to state a claim upon which relief may be granted pursuant to M.R.

Civ. P. 12(b)(6); and on the petitioner's motion for a trial pursuant to M.R. Civ. P.

80B(d).

## BACKGROUND

Michael Bonnell, the petitioner, is the parent of Lilly Bonnell, a minor child. On

or about October 17, 2003, the Department of Human Services ("DHS"), through its

Bureau of Child and Family Services, issued a "substantiation decision" stating that the

petitioner was seen "backhanding his daughter, Lilly Bonnell" and had been

"substantiated for physical abuse to Lilly Bonnell." The petitioner requested a timely

review of the respondent's substantiation decision. By a letter dated December 17, 2003,

DHS notified the petitioner that it had reviewed its record of information and decided to uphold the substantiation decision.

The petitioner appeals to the court pursuant to M.R. Civ. P. 80B.[1] The petitioner's complaint asserts that the respondent's substantiation decision and the respondent's decision upon review to uphold the substantiation decision were judicial or quasi-judicial acts. He further asserts that the substantiation decision was unsupported by substantial evidence on the whole record and was arbitrary and capricious. In addition, the petitioner argues that the respondent's substantiation decision was reached in violation of the petitioner's right to due process in that the respondent acted without affording the petitioner the opportunity for a hearing and trial of the facts and the respondent acted without sufficient investigation and reliable evidence of the incident involving Lilly Bonnell.

After the petitioner filed his complaint with the court, the respondent filed its motion to dismiss and the petitioner filed his motion for trial. While the parties dispute whether the action should be dismissed, they agree that if the court finds it has jurisdiction over this case, a trial to introduce evidence would be appropriate because DHS's substantiation decision was made under circumstances that did not allow for a record to be made.

## DISCUSSION

I.    Subject Matter Jurisdiction Under M.R. Civ. P. 12(h)(3)

"Jurisdiction is the essential basis upon which all court powers rest, and even willing submission by the parties of their dispute cannot confer it." Fletcher v. Feeney,

---

[1] At the April 28, 2004 hearing on this matter, the petitioner agreed to the dismissal of Count II, which had been brought pursuant to Rule 80C.

2

400 A.2d 1084, 1089 (Me. 1979). When a trial court lacks jurisdiction, the absence of jurisdiction is noticed, and the case proceeds no further. Id. (citing M.R. Civ. P. 12(h)(3)).

In the present action, subject matter jurisdiction under M.R. Civ. P. 80B is at issue. The rule provides: "When review by the Superior Court, whether by appeal or otherwise, of any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer, is provided by statute or is otherwise available by law, proceedings for such review shall . . . be governed by these Rules of Civil Procedure as modified by this rule." M.R. Civ. P. 80B.

"'Otherwise available by law' refers to review of an action that could have been had by means of a common law writ." Waterville Homes, Inc. v. Mun. Officers of Waterville, 589 A.2d 458, 459 (quoting Lyons v. Bd. of Dir. of Sch. Admin. Dist. No. 43, 503 A.2d 233, 236 (Me. 1986)). Where a state agency acts in a judicial or a quasi-judicial capacity, its actions may be reviewed under a writ of certiorari. Carter v. Wilkens, 160 Me. 290, 294 203 A.2d 682, 684 (1964).[2]

In the present case, the court has subject matter jurisdiction under 80B because DHS's substantiation decision was quasi-judicial in nature[3] and impacts the petitioner's due process rights. Given the likelihood that DHS's substantiation decision will negatively impact the petitioner's ability to obtain employment in any field involving children, the petitioner's liberty interest is at issue. See 22 M.R.S.A. § 4008(3)(F) (2003)

---

[2] An agency acts in a quasi-judicial capacity when it adjudicates the rights of a party. Cf. Irish v. Gimbel, 1997 ME 50, ¶ 15, 691 A.2d 664, 672 (holding that a screening panel was not a quasi-judicial tribunal because it has no power to adjudicate the rights of any of the parties before it).

[3] The procedures used to make a substantiation decision are much like those used to make a judicial decision. In making a substantiation decision, caseworkers are guided by formal substantiation practice guidelines. See Bureau of Child and Family Services, Substantiation Practice Guidelines (found at http://www.state.me.us/dhs/bcfs/policy/sect04/iv_d_1_substantiation_practice_guidelines.htm) (last visited June 28, 2004). In addition, the substantiation decision is based on a "preponderance of the evidence" test. See Bureau of Child and Family Services, Child Protection (found at www.maine.gov/dhs/bcfs/protection.htm (last visited June 28, 2004).

3

(requiring DHS to disclose relevant information in the records to the Commissioner of Education when the information concerns teachers, other professional personnel issued certificates under Title 20-A, any persons employed by schools approved pursuant to Title 20-A, or any employees of schools operated by the Department of Education); see also Board of Regents v. Roth, 408 U.S. 564, 572 (1972) (holding "[w]ithout doubt, [liberty] denotes not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life . . . ") (quoting Meyer v. Nebraska, 262 U.S. 390, 399) (1923)); cf. In re Application of Feingold, 296 A.2d 492, 498-99 (Me. 1972) (holding "[a] State cannot exclude a person from the practice of law or from any other occupation *in a manner* or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment") (quoting Schware v. Board of Bar Examiners, 353 U.S. 232, 238-239 (1957)).

The respondent cites Paul v. Davis, 424 U.S. 693 (1973) for the proposition that stigma to one's reputation that may seriously impair future employment opportunities does not amount to a deprivation of one's liberty interests. Paul v. Davis, 424 U.S. 693 (1973) (holding that where police officers included the respondent's name in a police flyer of "active shoplifters," the respondent was not deprived of his "liberty" interests). However, this case is distinguishable from Paul v. Davis in that the governmental action in that case was defamation, whereas here the governmental action is a quasi-judicial determination that has recognized implications on, among other things, the petitioner's ability to obtain future employment in a given field.

In addition, in Paul v. Davis, the court notes that its holding does not apply "where government action has operated to bestow a badge of disloyalty or infamy, with

an attendant foreclosure from other employment opportunity." See id. (citing Wieman v. Updegraff, 344 U.S. 183, 190-91 (1952) (holding that due process extended to employees who were precluded from employment pursuant to a statute; and that "to inhibit individual freedom of movement is to stifle the flow of democratic expression and controversy at one of its chief sources"; Joint Anti-Facist Comm. v. McGrath, 341 U.S. 123, 140-41 (1951) (reversing the decision of the Court of Appeals to dismiss the petitioners' complaint (for failure to state a claim) against the Attorney General who, without notice or hearing, designated three petitioner organizations as "Communist" in a list furnished to the Loyalty Review Board for use in connection with determinations of disloyalty of government employees); Cafeteria Workers v. McElroy, 367 U.S. 886, 898 (1961) (holding that the determination that an individual failed to meet the particular security requirements of a specific military installation did not impair her employment opportunities anywhere else)).

Accordingly, the court finds it has subject matter jurisdiction over this case and the respondent's motion to dismiss pursuant to M.R. Civ. P. 12(h)(3) is denied.

II.     Failure to State a Claim Under M.R. Civ. P. 12(b)(6)

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, the court considers allegations of the complaint as if they were admitted and in the light most favorable to the plaintiff. Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 7, 843 A.2d 43, 47. "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994) (quoting Hall v. Bd. of Envtl. Prot., 498 A.2d 260, 266 (Me. 1985)).

5

Here, the petitioner's complaint asserts that DHS's substantiation decision was issued in violation of his due process rights. Viewing this allegation in the light most favorable to the plaintiff and together with the court's determination that DHS's substantiation decision amounts to a quasi-judicial act, the plaintiff has stated a claim upon which relief may be granted under M.R. Civ. P. 80B.

III.     Motion for Trial Pursuant to M.R. Civ. P. 80B(d)

"The purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action." Baker's Table, Inc. v. City of Portland, 2000 ME 7, ¶ 9, 743 A.2d 237, 240. The rule is intended to allow the reviewing court to obtain facts not in the record that are necessary to the appeal before the court. Id. 2000 ME 7, ¶ 9, 743 A.2d at 240-41 (citing Palesky v. Sec'y of State, 1998 ME 103, ¶¶ 5-9, 711 A.2d 129, 131-132). In the present action, given that DHS's determination was made under circumstances that did not allow for a record to be made, a trial is appropriate.

## DECISION

Based upon the foregoing, and pursuant to M. R. Civ. P. 79(a), the Clerk is directed to enter this Order on the Civil Docket by a notation incorporating it by reference and the entry is

> Respondent's Motion to Dismiss is DENIED.
> Petitioner's Motion for Trial is GRANTED.

Dated at Portland, Maine this 28th day of June 2004.

Robert E. Crowley
Justice, Superior Court

6

Date Filed __01-16-2004__ __Cumberland__ Docket No. __AP-04-03__
                                    County

Action _____80C Appeal_____

MICHAEL BONNELL                STATE OF MAINE, DEPARTMENT OF HUMAN SERVICES

                                    vs.

Plaintiff's Attorney
  Kenneth P. Altshuler, Esq.
  Childs, Rundlett, Fifield, Shumway &
    Altshuler, LLC
  257 Deering Avenue
  Portland, ME  04103-4898
  207-773-0275

Defendant's Attorney
  Matthew Pollack, AAG
  Dept. of the Attorney General
  6 State House Station
  Augusta, ME 04333
  626-8800

Date of
Entry