## MAINE STATE EMPLOYEES ASSOCIATION et al.

v.

## Joseph WILLIAMS et al.

Supreme Judicial Court of Maine.

May 19, 1977.

---

Locke, Campbell & Chapman by Harry N. Starbranch, Augusta, for plaintiffs.

S. Kirk Studstrup, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

This is an appeal from an order of the Superior Court dismissing the plaintiffs' complaint for declaratory judgment brought pursuant to 14 M.R.S.A. §§ 5951–63.

We deny the appeal.

### FACTS

The Maine State Employees Association is a non-stock corporation with a membership of several thousand state employees. The individual plaintiffs are state employees who operate their privately owned motor vehicles in the course of their employment. The defendants are commissioners of state agencies who, it is alleged, require the plaintiffs to "use vehicles to perform their jobs" and have instructed plaintiffs "directly or indirectly that they must use their own private vehicles." Plaintiffs further complain that this mandated use of private automobiles is reimbursed at less than the actual cost of operation.

The plaintiffs brought this action seeking a declaratory judgment to determine "the rights of plaintiffs to refuse to use their privately owned vehicles under conditions causing a financial loss." The complaint also requested injunctive relief against the defendants.

On October 2, 1975, when this action was commenced, 5 M.R.S.A. § 8 provided:

"The State shall pay for the use of privately owned automobiles for travel by

employees of the State in the business of the State not more than 12¢ per mile for miles actually travelled by such employees on such business in any one fiscal year. . . ."

Pursuant to Rule 12(b)(6), M.R.C.P., the defendants filed a motion to dismiss and a Justice of the Superior Court on February 25, 1976, granted this motion, from which ruling the plaintiffs have appealed.

## MOOTNESS

■ The defendants suggest that the enactment of P. & S.L.1975, ch. 147, Part C, §§ 5 and 29, which increased mileage reimbursement to 13¢ per mile, has rendered this action moot.

We disagree.

In *Berry v. Daigle,* 322 A.2d 320, 328 (Me.1974), we stated:

"The authority is extensive and respectable in holding that a statute passed during the course of litigation, and *which obviates the gravamen of the complaint,* moots and renders unnecessary a determination of the former controversy." (emphasis supplied)

*See also Union Mutual Life Ins. Co. v. Emerson,* 345 A.2d 504, 506 (Me.1975).

The plaintiffs' complaint sought a determination of whether state employees may be compelled to operate their privately owned motor vehicles on state business at a rate of compensation which they consider to be inadequate. The complaint was not predicated on or limited to a determination of whether 12¢ per mile was, in fact, adequate reimbursement. We would not only be hypertechnical, but completely unrealistic, to hold that the legislature's action in increasing the mileage reimbursement rate 1¢ has "obviate[d] the gravamen of the complaint." The mootness doctrine is inapplicable.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Although we have concluded that this case has not become moot, we must, never-

theless, hold that the Court lacks jurisdiction of the controversy since the plaintiffs have failed to comply with the provisions of 5 M.R.S.A. §§ 751–53.

Section 751 established the State Employees Appeals Board with broad jurisdiction to resolve disputes between a state employee and the state agency in which the individual is employed.

■ In enacting this statute the legislature clearly intended "to afford state employees an expeditious, inexpensive and effective means of solving their employment grievances." *Department of Mental Health and Corrections v. Bowman,* 308 A.2d 586, 587 (Me.1973). *See also Clark v. State Employees Appeals Board,* 363 A.2d 735, 738 (Me.1976). Judicial review of a decision of the Appeals Board is extremely limited. In *State Board of Education v. Coombs,* 308 A.2d 582, 586 (Me.1973), we stated:

"If the Appeals Board acts constitutionally and within its own jurisdictional framework and if the grievance alleged falls within those grievances reviewable under the act, the decision reached by the Appeals Board is not subject to judicial review and is conclusive."

Section 752 provides in pertinent part:

"The board shall have the authority to mediate the final settlement of all grievances and disputes between individual state employees, both classified and unclassified, and their respective state agencies, except in matters of classification and compensation. All complaints between a state employee and the state agency by which he is employed shall be made and heard in the manner provided by this chapter for the mediation and settlement of such complaints."

Section 753 sets forth the procedural requirements governing the mediation of grievances and establishes a five-step method of ultimately bringing a grievance, if not resolved in a preceding step, before the full State Employees Appeals Board.

We have recognized that where there is "a remedy before an administrative agency, the plaintiff must exhaust that reme-

dy before he can turn to the courts for relief."

*Stanton v. Trustees of St. Joseph's College,* 233 A.2d 718, 723–24 (Me.1967). *See also King Resources Co. v. Environmental Improvement Com'n,* 270 A.2d 863, 866–67 (Me.1970). In *Stanton* and *King Resources, supra,* we also held that a case may present special circumstances which would require a departure from strict adherence to the doctrine of exhaustion of administrative remedies. We indicated that such circumstances would exist

> "when the plaintiffs' complaint alleges persuasive grounds for relief which are beyond the jurisdiction of the administrative agency to determine, and when it would thus be futile for the plaintiffs to complete the administrative appeal process."

*Stanton v. Trustees of St. Joseph's College, supra* at 724.

█ The issue of whether 13¢ per mile is a fair reimbursement for the use of a privately owned automobile on state business, being the only rate authorized by statute, cannot be deemed a grievance against a particular state agency since that agency has no power to allow reimbursement beyond the statutory rate.

As we have already pointed out, this complaint primarily focuses on the authority of a department head to require an employee to use a privately owned vehicle in performing employment duties. As we see it, the plaintiff employees are alleging a grievance which reaches beyond the mere question of what is reasonable reimbursement. Section 752 not only authorizes the final settlement "of all grievances" but, additionally, requires "all complaints between a state employee and the state agency by which he is employed" to be "made and heard in the manner provided by this chapter."

█ In view of our analysis of the complaint and consistent with *Stanton,* we must hold that the plaintiffs' failure to exhaust administrative remedies deprived the Court of its jurisdiction over this dispute. To hold otherwise would permit the plaintiffs to frustrate legislative intent made evident by the enactment of 5 M.R.S.A. §§ 751–53.

As we have pointed out, the plaintiffs have alleged facts which constitute a grievance cognizable by the State Employees Appeals Board and, therefore, we are *not* here confronted by one of "those rare instances where the issue is solely one of law or where the relief sought is beyond the capacity of the administrative agency to give." *State Ex Rel. Brennan v. R. D. Realty Corporation,* 349 A.2d 201, 206 (Me. 1975).

The entry is:

Appeal denied.

All Justices concurring.