**Richard E. KEMPTON**

v.

**George A. ZITNAY and Frank J. Mack, Jr.**

Supreme Judicial Court of Maine.

Sept. 22, 1978.

Locke, Campbell & Chapman by Harry N. Starbranch (orally), Nancy J. Speiczny, Augusta, for plaintiff.

Richard F. Howard (orally), Asst. Atty. Gen., Augusta, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Plaintiff instituted a Rule 80B, M.R. Civ.P.,[1] action in the Superior Court, Kennebec County, seeking review of the Department of Mental Health and Corrections' refusal to increase his salary. Upon defendants' motion, the Superior Court dismissed the action for lack of subject matter jurisdiction. From that order plaintiff brings this appeal.

We deny the appeal.

On June 14, 1976, legislation adopting the *"Hay Plan"* (Plan)[2] became effective. Such legislation established a comprehensive pay schedule for all state employees, superseding the individual departmental salary schedules previously in effect. In order to facilitate the transition from numerous departmental schedules to the unitary schedule provided by the Plan, the Legislature created a Temporary Compensation Review Board (Board)[3] and imbued it with *"exclusive jurisdiction to hear appeals from employees . . . concerning the allocation of classifications and unclassified employees for pay grades"* provided by the Plan. All appeals were to be filed with the Board by July 15, 1976; the pay schedule not becoming effective until November 1, 1976.[4]

On July 29, 1976, the date this action was commenced, plaintiff was an unclassified employee of the Department of Mental Health and Corrections (Department). Pursuant to his then current employment contract and in accordance with the Department's salary schedule, plaintiff received $204.00 per week. That salary level was apparently determined by plaintiff's educational background and teaching experience.

On May 15, 1976, plaintiff received a master's degree from the University of Maine at Portland-Gorham. In a letter to the Department's Commissioner, dated July 14, 1976, plaintiff asserted that by the terms of the Department's salary schedule, his receipt of a master's degree warranted an increase in his weekly pay from $204.00 to $225.40. Defendant Mack, the Depart-

---

1. Rule 80B, M.R.Civ.P., states in pertinent part:
   *when review by the Superior Court, whether by appeal or otherwise, of any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer, is provided by statute or is otherwise available by law, proceedings for such review shall . . . be governed by these Rules of Civil Procedure.*

2. P. and S.L.1975, c. 147. The *"Hay Plan"* was a major review of the whole classification and compensation system for state employees. The initial investigation resulting in the *"Hay Plan"*

was undertaken pursuant to legislative direction in P. and S.L.1975, c. 100.

3. P. and S.L.1975, c. 147, part D, § 6.

4. P. and S.L.1975, c. 147, evidences a statutory scheme whereby all employees would be apprised of the impending change in pay schedule at least by the Plan's effective date of June 14, 1976. State employees would then have 30 days to institute any necessary appeals, hopefully allowing the Board to finish its work before the pay schedule was finally implemented, *i. e.* November 1, 1976.

ment's Chief Personnel Officer, responded that the salary schedule was discretionary and that due to a lack of funds, plaintiff would not receive an increase. Plaintiff thereupon filed this action in the Superior Court.

Defendants argued, both at the trial level and now on appeal, that the Board's exclusive jurisdiction regarding salary disputes denied the Superior Court subject matter jurisdiction over plaintiff's action. Plaintiff responded by arguing that because the conduct forming the basis of the action antedated the effective date of the Plan, the Board's jurisdictional limits were inapplicable thus allowing plaintiff to seek review of the Department's conduct in the Superior Court pursuant to Rule 80B, M.R. Civ.P.[5]

Although we find both arguments to have at least some merit, neither is wholly dispositive of the issue before us.

■ Defendants' position is well taken insofar as any salary disputes arising under the schedule embodied in the Plan are concerned. The jurisdictional grant[6] to the Board makes it perfectly clear that the Legislature intended all appeals prompted by the new pay schedule to be heard by the Board, not by the Courts.

We, therefore, find that the Superior Court did not err in dismissing those portions of plaintiff's complaint asserting a right to a salary increase after November 1, 1976.

■ Plaintiff's contention that he was entitled to a stepped-up salary before November 1, 1976,[7] however, cannot be resolved through application of the Plan.

The legislation creating the Board states that its authority was limited to appeals *"concerning the allocation of classifications and unclassified employees to pay grades provided"* by the Plan. Although all appeals were to be submitted before July 15, 1976, the new pay schedule was not effective until November 1, 1976. Any disputes, therefore, arising under pay schedules not yet superseded by the Plan were beyond the jurisdiction of the Board.

From a similar conclusion, plaintiff argues that he was entitled to Rule 80B, M.R.Civ.P., relief in the Superior Court.

■ We disagree.

34 M.R.S.A. § 1 (Supp.1975) authorizes the Department Commissioner to *"appoint, subject to the Personnel Law . . . such [other] employees as may be necessary"* for the efficient operation of the Department. The Personnel Law[8] obligates the Director of Personnel to *"make investigations . . . upon the petition of an employee . . . concerning the enforcement and effect of chapters 51 to 67."* 5 M.R.S.A. § 631(2) (Supp.1976). Chapter 59, 5 M.R.S.A. § 711, deals entirely with the unclassified service, of which plaintiff is a member. Although there is no specific provision in chapter 59 concerning compensation (contrast chapter 55, 5 M.R.S.A. § 634, concerning classified employees) and, therefore, no express statutory authority for the Director of Personnel to investigate conflicts pertaining to salaries of unclassified employees, we find that the statutory scheme embodied in the Personnel Law, as applicable to plaintiff's pre-November claim, evidenced a legislative intent that aggrieved employees, before undertak-

---

5. We express no opinion regarding the propriety of utilizing Rule 80B, M.R.Civ.P., to gain review of the type of governmental action involved in this case.

   Plaintiff's complaint alleged that the Department chose *"to arbitrarily ignore its own salary schedule for unclassified service teachers and instead to pay a lesser rate of compensation than required under such schedule."* In light of the fact that this litigation was commenced before the effective date of the Plan and has continued beyond it, we view plaintiff's complaint to allege two distinct rights. First that

he was entitled to a higher pay scale for the period ending November 1, 1976, and second, that he was entitled to the continuation of such pay scale thereafter.

6. *See* note 2, *supra.*

7. We express no opinion regarding the date plaintiff might be entitled to a pay increase, should he prevail in further administrative proceedings.

8. 5 M.R.S.A. § 551 *et seq.* (1964) (as amended).

ing court action, seek redress through the Director of Personnel's investigatory powers. Plaintiff, therefore, after the Commissioner's refusal to abide by the published salary scale on the basis that it was discretionary, should have petitioned the Director of Personnel for a hearing on, and a determination of, the binding nature of the Department's salary schedule.

Plaintiff, by not pursuing his claim beyond the Commissioner's office, failed to exhaust his administrative remedies. The trial Justice was, therefore, perfectly correct in his refusal to interfere in what was, in essence, an administrative matter. *See Maine State Employees Association v. Williams*, Me., 373 A.2d 258, 261 (1977); *Stanton v. Trustees of St. Joseph College*, Me., 233 A.2d 718 (1967).

Plaintiff, therefore, cannot prevail even with regard to a pre-Plan salary increase.

The entry must be:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.