Floyd BREEDEN, Appellant,

v.

CITY OF NOME, Appellee.

No. 5279.

Supreme Court of Alaska.

June 5, 1981.

---

C. R. Kennelly, Kennelly, Azar & Donohue, Fairbanks, for appellant.

R. Eldridge Hicks, Ruskin, Barker & Hicks, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

PER CURIAM.

Floyd Breeden was the city manager of Nome. While employed by the city, Breeden ordered cash payments to himself representing compensation for unused accrued vacation and sick leave time, which ultimately amounted to $18,943.58. Breeden claims to have relied upon the representations of his subordinates in the employ of the city in deciding that his contract with the city permitted such payments during his employment rather than at the termination of his employment contract.

On April 14, 1978, Breeden gave written notice to the city of his resignation, to be effective thirty days later. His contract provided that his employment could be terminated by either party upon thirty days' written notice. On April 16, 1978, the city council met at the mayor's home to discuss the resignation and the cash payments Breeden had received for his vacation and sick leave time. The mayor telephoned Breeden at his home (apparently while Breeden was showering) that Sunday afternoon to invite Breeden to appear immediately at the mayor's home. Breeden declined the invitation, whereupon the council decided to terminate Breeden's employment with the city at a special meeting to be scheduled for the next day, and to refrain from discussing the reasons for its actions at that meeting. Breeden testified that he did not remember being invited to the meeting.

The meeting was announced on two local radio stations, KNOM and KICY. Breeden did not attend. The council, without discussion of its reasons, voted to fire Breeden immediately and to attempt to recover the money Breeden had received for vacation and sick leave time in excess of the amount he was entitled to receive.[1]

The city instituted suit alleging that Breeden had breached his contract by taking the payments for vacation and sick leave time, which the city maintained were not authorized by the contract. Breeden answered that the contract was ambiguous and susceptible of his interpretation that such payments were authorized. He further alleged that the city was estopped to urge its own interpretation because of his reliance on the representations of city employees in arriving at his interpretation. Additionally, Breeden counterclaimed for wrongful discharge and for the city's failure to pay money allegedly still owed Breeden for additional unused leave time. He also counterclaimed for damages for defamation, and claimed that he had been denied due process in violation of his rights under 42 U.S.C. § 1983.

The superior court granted summary judgment for the city on all claims. Thereafter, judgment was entered in favor of the city for $11,224.45 plus interest from April

---

1. The interpretation of Breeden's contract concerning the limitation on the amount of unused leave time he was allowed to accrue was in dispute. We affirm the judgment of the superior court that the city's interpretation is the proper one.

17, 1978, and costs and attorney's fees. Breeden has appealed.

Our conclusion upon review of the record is that, with the exception of one line of argument, Breeden's contentions in this appeal are without merit. We thus conclude that the superior court's grant of summary judgment should be affirmed with the exception of the following point.

■ The superior court held that Breeden had no interest in continued employment on April 17, 1978, that was protectible under the due process clause of the Fourteenth Amendment,[2] and that even if some right to notice and a hearing was due, the opportunity to attend the April 17th council meeting satisfied the requirements of due process in this case.[3] This ruling is erroneous.

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972).

■ The statute governing a city manager's term of office provides:

Subject to the contract of employment, the manager holds office at the pleasure of the assembly or council.

AS 29.23.460. A person who is employed "at the pleasure" of his employer has no "property" interest in continued employment that is protected by due process. *Bishop v. Wood*, 426 U.S. 341, 345 n.8, 96 S.Ct. 2074, 2078 n.8 48 L.Ed.2d 684, 690 n.8 (1976); *Arnett v. Kennedy*, 416 U.S. 134,

167 n.2, 94 S.Ct. 1633, 1650 n.2, 40 L.Ed.2d 15, 40 n.2, *reh. denied*, 417 U.S. 977, 94 S.Ct. 3187, 41 L.Ed.2d 1148 (1974) (Powell, J., concurring). Nevertheless, Breeden's contract with the city may, under the statute, constitute an independent source of a "legitimate expectation" of continued employment that would be protected by due process. *See Bishop v. Wood*, 426 U.S. at 344, 96 S.Ct. at 2077, 48 L.Ed.2d at 690.

■ Breeden's contract with the city provided for thirty days' notice of termination from either party. We hold that the thirty-day notice period created a "property" interest; that is, a legitimate expectation of continued employment protectible under the due process clauses of both the Federal and the Alaska Constitutions.[4] Breeden cannot be deprived of this interest without notice and the opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950).

Breeden has made no allegations that the city did or said anything that would give rise to a legitimate expectation of employment beyond the thirty-day notice period. Thus, we are not faced with a system of "de facto tenure" like that presented to the Supreme Court in *Perry v. Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). We conclude that Breeden's protectible interest was limited to an interest in continued employment until May 14, 1978, thirty days after he submitted his resignation. *See* Alaska R.Civ.P. 6(a).

Breeden's employment with the city was terminated on April 17, 1978. He therefore missed twenty-seven days of the thirty-day notice period subsequent to the date on which he submitted his resignation. His interest in those twenty-seven days was protected by due process.

---

2. U.S.Const. Amend. XIV provides, in part:
   [N]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

3. The city also argues that the opportunity to attend the April 16th meeting at the mayor's

home satisfied the requirements of due process. Under the circumstances, we find that contention devoid of merit.

4. U.S. Const. Amend. XIV; Alaska Const. art. 1, § 7.

 We are convinced that the notice afforded Breeden did not satisfy the requirements of due process. There is no evidence in the record that Breeden ever received notice of the charges against him which evidently were the basis for his dismissal. Notice must not only be "reasonably calculated ... to apprise interested parties of the pendency of the action," *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873, it must also "reasonably convey the required information." *Id.* Here, the required information was the basis for the council's consideration of Breeden's dismissal. That information was not conveyed.

 We also think that the notice was inadequate in that it demanded either an immediate appearance to answer unnamed charges (on April 16th) or an appearance within twenty-four hours (on April 17th), a time period not justified by the urgency of the city's interests involved. *See Mathews v. Eldridge*, 424 U.S. 319, 334–35, 96 S.Ct. 893, 902–03, 47 L.Ed.2d 18, 33 (1976).

We are not holding that the city would be completely unable to discharge Breeden without providing him with its reasons and an opportunity to be heard. The very contract which here establishes his property interest also indicates that, if the city complies with the thirty-day notice provision, it can discharge Breeden for any valid reason, or for no reason at all.[5]

Also, we do not intend to imply that the city could not under any circumstances discharge Breeden without complying with the contractual provision calling for thirty days' notice. There are circumstances under which adequate reasons could exist for bypassing the provision; but, under such circumstances, the city should provide Breeden with some opportunity to respond to its reasons for choosing not to comply with the contractual clause.

As noted, the extent of the property interest involved is only twenty-seven days.

The city can remove any prejudice resulting from its denial of due process by restoring the property interest in toto. Thus, on remand, the city should be given its choice of (1) allowing Breeden the compensation which he would have been due for that time or (2) holding a hearing, following reasonable notice, at which Breeden must be given an opportunity to respond to the city's reasons for discharging him without regard to the thirty-day notice provision.

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.

---

5. This assumes that there is no other contractual provision, statute, ordinance, or tenure system from which Breeden could derive a property interest. This also assumes that the discharge is not made in retaliation for Breeden exercising some protected right, *e. g.*, his First Amendment right to freedom of speech.