Robert LYONS

v.

**BOARD OF DIRECTORS OF SCHOOL ADMINISTRATIVE DISTRICT NO. 43.**

Supreme Judicial Court of Maine.

Argued Sept. 13, 1985.

Decided Jan. 9, 1986.

Hanscom & Carey, P.A., Thomas S. Carey (orally), Rumford, for plaintiff.

David W. Austin (orally), Rumford, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The Board of Directors of School Administrative District No. 43 (Board) appeals from a judgment of the Superior Court, Oxford County, vacating the Board's decision that discharged Robert Lyons from his employment as a bus driver and custodian. On appeal, the Board contends that the court erred because the Board's decision to discharge the plaintiff was warranted by its findings of fact and supported by competent evidence. Because the Superior Court lacked jurisdiction to decide this case on a complaint brought pursuant to Rule 80B of the Maine Rules of Civil Procedure, we vacate the judgment and remand for dismissal of the complaint.

## I.

The facts may be summarized as follows: On January 30, 1984, the plaintiff was doing volunteer work at the Mexico Recreation Center in Mexico, building a sauna in the boys' locker room. He had been working on the project during his off-hours from his employment by the district as a custodian and bus driver. At that time, the plaintiff, who was also Director of the Mexico Recreation Department, was found by two members of the Recreation Department in an unlit hallway outside a locked and unused door to the girls' locker room, located in the basement of the recreation center. Girls participating in a basketball program sponsored by the junior high school were using the locker room at that time. The unused door had a keyhole that could be employed by a person to look directly in the shower area of the locker room. No one actually saw the plaintiff looking through the keyhole. The plaintiff stated that he was merely listening to the activity in the locker room after having used the corridor to ensure that an outside door was secure.

On February 13, 1984, the Board conducted a hearing concerning the incident. The plaintiff was present as were the two members of the Recreation Department

who discovered him. All three made statements and answered questions put to them by the Board. During the hearing, members of the Board went to the recreation center and viewed the girls' locker room and adjoining rooms and hallways. After the hearing and in public session, by a vote of six to four, the Board discharged the plaintiff for the stated reason that his employment "would no longer be profitable to the school district."

On March 15, 1984, pursuant to Rule 80B, the plaintiff filed in the Superior Court a complaint that contained two counts, one for "Review of Governmental Rule," the other for "Wrongful Discharge of Employment." [1] In Count I, the plaintiff alleged that, in discharging him, the Board failed to follow the educational policy of the school district, including the "rules and discipline" procedures for non-teaching personnel, and thus, the Board's decision was arbitrary and capricious. On motion of the Board, the court dismissed Count II of the plaintiff's complaint on July 6, 1984, because a Rule 80B review offered a "complete remedy" to the plaintiff. The plaintiff's subsequent motion to reconsider the dismissal of the wrongful discharge claim was denied. [2]

On September 10, 1984, after a review of the parties' stipulation of facts and briefs, the court remanded the matter to the Board to make additional findings to enable the court to conduct a review pursuant to Rule 80B. The Board made an additional finding of fact that the plaintiff had looked through the keyhole while the locker room was in use.

On March 11, 1985, after a second hearing, the court vacated the decision of the Board. It found the Board's factual finding that the plaintiff looked through the keyhole was not supported by the evidence. The court concluded there was sufficient evidence to support a finding that the plaintiff listened to the activity in the girls' locker room. However, since the Board did not decide that this conduct fell within a category of the district's "rules and discipline" guidelines that called for immediate dismissal, the court remanded the proceeding to the Board for the imposition of appropriate lesser sanctions. It is from that decision that the Board appeals. At oral argument, we raised the issue whether the decision of the Board is reviewable on a complaint brought pursuant to Rule 80B. At our request, both parties submitted supplemental briefs. Because we conclude that this matter is not reviewable under Rule 80B of the Maine Rules of Civil Procedure, we vacate the judgment.

## II.

Rule 80B does not create an independent right to appeal any governmental action to the Superior Court. It only provides a procedural avenue for those disputes in which the court has jurisdiction. *See, e.g., Colby v. York County Comm'rs*, 442 A.2d 544, 547 (Me.1982). In order for the Superior Court to review the Board's action on a complaint filed solely on the basis of Rule 80B(a), review must either be provided by statute or be otherwise available by law. Rule 80B(a) provides in part:

---

1. Rule 80B(i) provides in part:

   If a claim for review of governmental action is joined with a claim alleging an independent basis for relief from governmental action, the complaint shall contain a separate count for each claim for relief asserted, setting forth in each count a concise statement of the grounds upon which the plaintiff contends he is entitled to relief and a demand for the relief to which he believes himself entitled.

   The plaintiff's complaint was captioned to indicate it contained two complaints, one for review of the Board's decision, the other for wrongful discharge. We treat the "complaints" as separate counts pursuant to Rule 80B(i).

2. On August 20, 1984, the Board filed a motion to expand the record to include a "written record of dismissal pursuant to 1, M.R.S.A. § 407(2)" that purportedly is a statement of the Board's findings and conclusions regarding the discharge of the plaintiff. The record does not reveal whether the motion was ever accepted. However, the statement adds nothing to the "statement of facts" that the parties stipulated to pursuant to Rule 80B(e).

*When review by the Superior Court,* whether by appeal or otherwise, of any action or failure or refusal to act by a governmental agency, including any department, board, commission or officer, *is provided by statute or is otherwise available by law,* proceedings for such review shall ... be governed by these Rules of Civil Procedure as modified by this rule.

(emphasis added).

■ There is no statutory right of appeal from a ruling of the Board. *Cf. Mutton Hill Estates v. Town of Oakland,* 468 A.2d 989, 991 (Me.1983) (30 M.R.S.A. § 2411(3)(F) (1978)). Thus, we must determine whether judicial review here is "otherwise available by law."

■ Review is deemed "otherwise available by law" if it is in the nature of that formerly available under the common law extraordinary writs, such as certiorari, mandamus or prohibition, adapted to current conditions. *See, e.g., Bolduc v. Androscoggin County Comm'rs,* 485 A.2d 655, 657 (Me.1984); M.R.Civ.P. 80B advisory committee's note to 1983 amend., Me. Rptr., 459–466 A.2d XLII, XLIII. Until 1967, the writ of certiorari was the appropriate procedure to invoke judicial review of actions taken by a governmental agency performing a judicial or a quasi-judicial function. *Cunningham v. Kittery Planning Bd.,* 400 A.2d 1070, 1077 (Me.1979); *see generally* 2 R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* §§ 80B.I, 81.-9–.13 (2d ed.1970 and Supp.1981); Comment, *Rule 80B and Nonstatutory Judicial Review of Administrative Action in Maine,* 23 Maine L.Rev. 419 (1971).[3] While we recognize that judicial review pursuant to the rule is not limited to those previous situations where certiorari was exercised, *see* M.R.Civ.P. 80B advisory committee's note to 1983 amend., *supra,* at XLIII–XLIV, the principle governing the right to review is nevertheless still based on whether the governmental agency acted in a quasi-judicial manner.

■ An agency's actions are quasi-judicial in nature when it adjudicates the rights of a party before it. *Carter v. Wilkins,* 160 Me. 290, 294–95, 203 A.2d 682, 683–84 (1964); *see also Inhabitants of North Berwick v. State Bd. of Educ.,* 227 A.2d 462, 467 (Me.1967). In *Carter v. Wilkins,* we noted that:

Whether an act is judicial or quasi-judicial so as to be reviewable by certiorari depends on the nature of the act performed, rather than on the character of the officer or body performing it. Judicial action is an adjudication on the rights of the parties who, in general, appear or are brought before the tribunal by notice or process, and on whose claims some decision or judgment is rendered.

160 Me. at 294, 203 A.2d at 684 (quoting 14 Am.Jur.2d *Certiorari* § 17, at 794 (1964)). Thus, if the record before us fails to demonstrate that the Board did adjudicate a right of the plaintiff, then the Board did not act in a quasi-judicial manner, and therefore, review is not "otherwise available by law."

■ Neither the record of the Board's proceedings being reviewed, as stipulated pursuant to Rule 80B(e), nor the parties' briefs provide any detail concerning the conditions, duration or other terms of the

---

**3.** Prior to 1967, the right to have the decision of an administrative board reviewed rested upon the writ of certiorari, "whereby the Supreme Judicial Court or the Superior Court may command an inferior court 'to certify up its record of some proceeding, not according to the course of the common law, that it may be seen and determined whether there is any error.'" *Carter v. Wilkins,* 160 Me. 290, 293, 203 A.2d 682, 684 (1964) (citation omitted). The writs of mandamus or prohibition would not have been previously available here. Mandamus was issued to require the doing of some ministerial act imposed by law. *See Rogers v. Selectmen of Brunswick,* 135 Me. 117, 190 A. 632 (1937). Prohibition was issued only under extreme necessity "to direct any inferior tribunal to cease abusing its power or usurping judicial functions that did not rightly belong to it." R. Field & V. McKusick, *Maine Civil Practice* § 81.6, at 617 (1st ed.1959) (footnote omitted).

plaintiff's employment. There is no indication that the plaintiff had any right that restricted the Board's discretion to terminate his employment. The plaintiff has not claimed that a statute existed that conferred rights upon him, thus, restricting the Board's action. *See, e.g., Bolduc v. Androscoggin County Comm'rs,* 485 A.2d 655 (Me.1984) (statutory right that county employee be dismissed "only for cause"); *Winship v. Brewer School Comm.,* 390 A.2d 1089 (Me.1978) (statutory right that teacher be dismissed if either unfit to teach or would be unprofitable to the school district); *see also Frye v. Inhabitants of Cumberland,* 464 A.2d 195 (Me.1983); *Colby v. York County Comm'rs,* 442 A.2d 544 (Me.1982); *McLaughlin v. Machias School Comm.,* 385 A.2d 53 (Me.1978); *Wright v. Superintending School Comm., City of Portland,* 331 A.2d 640 (Me.1975); *Hopkins v. Inhabitants of Bucksport,* 119 Me. 437, 111 A. 734 (1920); *Andrews v. King,* 77 Me. 224 (1885). Nor has the plaintiff claimed that a constitutional right restricted the Board's action. *See, e.g., Solmitz v. Maine School Admin. Dist. No. 59,* 495 A.2d 812 (Me.1985) (teacher, scheduled speaker and student sought review of a school board's decision to cancel a speaking program at a school-wide assembly pursuant to 42 U.S.C. § 1983 (1983) and Rule 80B based on the allegation that the Board's action violated the plaintiffs' constitutional rights).

The plaintiff suggests that he had such a right because the school district's educational policy statements restricted the Board's discretion in the discharge of its employees. The parties stipulated that, to the extent relevant, the educational policy of School Administrative District No. 43 governed the Board's action. The policy includes a "general non-teaching policy" statement that declares that the district will "avoid discharge except as a last resort." Its policy applicable to custodians and bus drivers provides that "the neglect of duty or of continued or serious disregard of the duties and responsibilities of the job would be cause for dismissal." The district also promulgated "District Rules and Disciplinary Procedures," a non-exclusive list of nineteen possible infractions and proposed disciplinary measures. Most infractions provide for warnings to be given on first offenses. One infraction, "immoral conduct or indecency," provides for discharge for the first offense. None of the applicable policy statements uses the term "profitability."

We are unable to determine whether these policy statements, *per se,* confer a right upon the plaintiff.[4] Rule 80B(d) provides a mechanism for a trial of the facts in the Superior Court.[5] The plaintiff could have invoked that mechanism to establish the existence of a right that would restrict the discretion of the Board. However, since Rule 80B(d) was not utilized, our review is limited to the record. M.R.Civ.P. 80B(f). Unless the record clearly demonstrates that a right exists, a review pursuant to Rule 80B is not authorized because the Board did not act in a quasi-judicial capacity. *Compare Carter v. Wilkins,* 160 Me. at 293–99, 203 A.2d at 683–86 ("The (State) Personnel Law and its powers and duties to prescribe rules relative to ... dismissal, and leave of absence, among oth-

---

4. Neither party addressed the issue whether the district's policy statements created any private contractual or vested rights to continued employment. Of course, parties may include such restrictions in the execution of formal contracts or by an express agreement. *See, e.g., Wyman v. Osteopathic Hosp. of Maine, Inc.,* 493 A.2d 330 (Me.1985); *Larrabee v. Penobscot Frozen Foods, Inc.,* 486 A.2d 97 (Me.1984). Nor has the plaintiff claimed that he had a constitutionally protected property interest in his job that would entitle him to certain rights before the Board.

*See, e.g., Hammond v. Temporary Compensation Review Bd.,* 473 A.2d 1267, 1271–73 (Me.1984).

5. Rule 80B(d) provides in part:

If the court finds on motion that a party to a review of governmental action is entitled to a trial of the facts, the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and that is not stipulated. Such motion shall be filed within 30 days after the complaint is filed.

ers, create rights in and obligations of the employee and any decision by the (State Personnel) Board affecting those rights is quasi-judicial." (citations omitted)). On the record before us, we cannot conclude that these policy statements conferred any such right.

The plaintiff gains no advantage from the fact that the Board suggested that a "right" actually existed when it stated as a reason for the plaintiff's discharge that his employment was no longer "profitable" to the school district. Presumably, the term "profitable" is derived from 20–A M.R.S.A. § 13202 (1983), which only confers upon a teacher the right to continued employment unless he is unfit to teach or the board deems his services to be unprofitable to the school.[6] Since the plaintiff is not a teacher, he is not protected by the provisions of § 13202. Merely because the Board erroneously conferred on the plaintiff a right to which he was not entitled does not warrant a conclusion that the Board acted in a quasi-judicial capacity unless in fact that right existed. Because the record does not

affirmatively indicate by reference or otherwise that the Board adjudicated a right of the plaintiff not to be discharged except on certain conditions, we conclude that the Board did not act in a quasi-judicial manner. Since the plaintiff's right to appeal the Board's action is not "otherwise available by law," the Superior Court lacked jurisdiction to review the Board's action on a complaint brought pursuant to Rule 80B(a).[7]

The entry is:

Judgment vacated.

Remanded to the Superior Court with instructions to dismiss the complaint for lack of jurisdiction.

All concurring.

---

**6.** Section 13202 provides:

> A school board, after investigation, due notice of hearing and hearing thereon, shall dismiss any teacher, although having the requisite certificate, who proves unfit to teach or whose services the board deems unprofitable to the school; and give to that teacher a certificate of dismissal and of the reasons for the dismissal, a copy of which the board shall retain. The dismissal shall not deprive the teacher of compensation for previous services.

**7.** We note that the Superior Court dismissed the plaintiff's wrongful discharge claim against the

Board. Because the plaintiff did not cross appeal from the dismissal of the discharge claim, the propriety of that dismissal on the ground that Rule 80B afforded the plaintiff a complete remedy is not before us. Besides the mechanism for a trial of facts provided by Rule 80B(d), a wrongful discharge claim may have been an appropriate action in which to establish factually the existence of an agreement creating a right that restricted the Board's discretion to discharge the plaintiff. *See, e.g., Wyman v. Osteopathic Hosp. of Maine, Inc.,* 493 A.2d 330 (Me.1985); *Larrabee v. Penobscot Frozen Foods, Inc.,* 486 A.2d 97 (Me.1984).