**YOUR HOME, INC., et al.**

v.

**CITY OF PORTLAND, et al.**[1]

Supreme Judicial Court of Maine.

Argued Jan. 13, 1986.

Decided Feb. 26, 1986.

1. Joseph E. Gray, Jr., the City's Director of Planning and Urban Development (Planning Director), and the Portland Planning Board are also named as party defendants.

Murray, Plumb & Murray, E. Stephen Murray, (orally), Portland, for plaintiffs.

David A. Lourie, (orally), Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, City of Portland (City), appeals from a judgment of the Superior Court, Cumberland County, granting the appeal of the plaintiffs, Your Home, Inc. and its president, Alfred J. Waxler (Your Home), pursuant to Rule 80B of the Maine Rules of Civil Procedure. Your Home had appealed from the Planning Director's refusal to allow the Planning Board to consider accepting a letter of credit from Your Home in lieu of a bond, on the ground that the Planning Board lacked jurisdiction to consider the matter because the subdivision approval granted to Your Home in 1979 had expired. Finding that the Superior Court lacked jurisdiction to decide this case on a complaint brought pursuant to Rule 80B, we vacate the judgment and remand for dismissal of the complaint.

We have repeatedly held that Rule 80B does not create an independent right to appeal any governmental action to the Superior Court, but only provides the procedure to be followed for those disputes in which the court has jurisdiction. *See, e.g., Lyons v. Board of Dir. of School Admin. Dist. No. 43*, 503 A.2d 233, 235 (Me.1986); *Bolduc v. Androscoggin County Comm'rs*, 485 A.2d 655, 657 (Me.1984); *Colby v. York County Comm'rs*, 442 A.2d 544, 547 (Me.1982). Rule 80B(a) provides in part:

2. Review in the nature of that formerly available under the extraordinary writs of certiorari or prohibition would not be appropriate here.

When review by the Superior Court, whether by appeal or otherwise, of any action or failure or refusal to act by a governmental agency, including any department, board, commission or officer, is provided by statute or is otherwise available by law, proceedings for such review shall ... be governed by these Rules of Civil Procedure as modified by this rule.

The sole issue here is whether review of the Planning Director's refusal to allow the Board to consider the letter of credit is provided by statute or is otherwise available by law. Since review here is not provided by statute, we must determine whether review by the Superior Court of the city official's refusal is "otherwise available by law."

An a:tion pursuant to Rule 80B may lie where the extraordinary writ of mandamus was formerly available.[2] *Fletcher v. Feeney*, 400 A.2d 1084, 1088 (Me.1979); 2 Field, McKusick & Wroth, *Maine Civil Practice* § 80B.1 (2d ed. 1970 & Supp.1981). Until 1967, the writ of mandamus was the appropriate procedure to compel " 'the doing of some specific duty, imposed by law, which the applicant, otherwise without remedy, is entitled to have performed.' " *Rogers v. Selectmen of Brunswick*, 135 Me. 117, 119, 190 A. 632, 633 (1937), *quoted in* Comment, *Rule 80B and Nonstatutory Judicial Review of Administrative Action in Maine*, 23 Maine L.Rev. 419, 420 (1971). However, the plaintiff here did not seek the ministerial performance of a specific duty that it was entitled to have performed, but instead requested a review of the reasons underlying the Planning Director's decision. Since the record before us fails to demonstrate such a request for performance as would formerly have been available by mandamus, review is not "otherwise available by law."

In these circumstances, where review was neither provided by statute nor other-

See *Lyons v. Board of Dir. of School Admin. Dist. No. 43*, 503 A.2d 233, 236.

wise available by law, the Superior Court did not have jurisdiction to decide this case on a complaint brought pursuant to Rule 80B. We accordingly vacate the judgment and remand for dismissal of the complaint.

The entry is:

Judgment vacated.

Remanded to the Superior Court with instructions to dismiss the complaint.

All concurring.