**Lucille S. DOWEY**

v.

**SANFORD HOUSING AUTHORITY.**

Supreme Judicial Court of Maine.

Argued Sept. 17, 1986.

Decided Oct. 28, 1986.

Murrough H. O'Brien, (orally), Portland, for plaintiff.

Hewes, Beal & Douglas, John J. Aromando, (orally), Philip M. Coffin, III, Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

The plaintiff, Lucille S. Dowey, appeals from a judgment of the Superior Court, York County, on Count II of her amended complaint that, pursuant to Rule 80B of the Maine Rules of Civil Procedure, sought re-

view of her dismissal by the defendant, Sanford Housing Authority (SHA), as Secretary and Executive Director of the SHA. On appeal, the plaintiff contends that her termination as Secretary and Executive Director of the SHA on June 14, 1983 denied her the procedural due process to which she was entitled under Article I, Section 6–A of the Maine Constitution and the Fourteenth Amendment of the U.S. Constitution. Because we hold that the Superior Court lacked jurisdiction to review the actions of the SHA on Count II, we vacate the judgment and remand for dismissal of that portion of the complaint.

■ Although the Superior Court proceeded to the merits without addressing the jurisdictional issue and the defendant has at no time contested it, if a jurisdictional question exists, we will not hesitate to address it on our own motion. *Bacon v. Penney,* 418 A.2d 1136, 1138 (Me.1980). For this matter to be reviewable under Rule 80B, review must be either provided by statute or be "otherwise available by law." [1] Rule 80B "does not create an independent right to appeal any governmental action to the Superior Court, but only provides the procedure to be followed for those disputes in which the court has jurisdiction." *Your Home, Inc. v. City of Portland,* 505 A.2d 488, 489 (Me.1986); *see also Lyons v. Board of Dir. of School Admin. Dist. No. 43,* 503 A.2d 233, 235 (Me.1986); *Bolduc v. Androscoggin County Comm'rs,* 485 A.2d 655, 657 (Me.1984).

■ In her appeal to the Superior Court, the plaintiff relied on 30 M.R.S.A. § 4651(1) (Supp.1985) [2] as the statutory basis for the creation of an independent right of appeal from the ruling of the SHA. Section 4651(1) does not provide an *independent* basis for appeal, but merely states that, where there does exist an independent basis for review, the SHA may be sued in accordance with Rule 80B. The 1983 amendment to 30 M.R.S.A. § 4651(1), which added the statutory language regarding Rule 80B, did not create an independent right of review, but merely clarified that Section 4651(1) "[did] not abrogate case law and recent acts governing the amenability of political subdivisions to suit." *See* L.D. 1397, Statement of Fact (111th Legis.1983). Therefore, Section 4651(1) as applied to the present case provides only that Rule 80B procedure is to be followed where there exists an independent basis for judicial review. The plaintiff does not cite, nor are we able to find, any other statutory authority for review of her Rule 80B appeal by the Superior Court. We therefore conclude that review of her Rule 80B complaint is not provided by statute.

■ The next step of our inquiry is to determine whether review by the Superior Court is "otherwise available by law." "Review is deemed 'otherwise available by law' if it is in the nature of that formerly available under the common law extraordinary writs, such as certiorari, mandamus or prohibition, adapted to current condi-

1. M.R.Civ.P. 80B(a) provides in pertinent part: When review by the Superior Court, whether by appeal or otherwise, of any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer, is provided by statute or is otherwise available by law, proceedings for such review shall ... be governed by these Rules of Civil Procedure as modified by this rule.

2. 30 M.R.S.A. § 4651(1) (Supp.1985) provides in pertinent part:
 [A housing] authority shall constitute a public body corporate and politic, exercising public and essential governmental functions, and

having all the powers necessary to carry out and effectuate the purposes and provisions of this subchapter, but not the power to levy and collect taxes or special assessments, including the following powers in addition to others granted:
 **1. General.** To sue; to be sued on its written contracts or in accordance with the Maine Tort Claims Act, the Maine Administrative Procedure Act, Title 5, chapter 375, in the case of the state authority, *Rule 80B or any successor rule of the Maine Rules of Civil Procedure in the case of a city or town authority* or Title 1, section 409....
(Footnotes omitted; emphasis added).

tions." *Lyons*, 503 A.2d at 236.[3] The only two extraordinary writs that arguably would have been formerly available in the present case are those of certiorari and mandamus. Under the "otherwise available by law" language of Rule 80B, the Superior Court's review of an action formerly available under the common law writ of certiorari must show that the agency's actions were quasi-judicial in nature. *Lyons*, 503 A.2d at 236; *see also Carlson v. Oliver*, 372 A.2d 226, 229 (Me.1977); *Carter v. Wilkins*, 160 Me. 290, 293–295, 203 A.2d 682, 683–684 (1964). Similarly, a request for performance that would formerly have been available by mandamus requires that the plaintiff seek the ministerial performance of a specific duty imposed by law that the plaintiff, who would otherwise be without remedy, is entitled to have performed. *Your Home, Inc.*, 505 A.2d at 489; *see also Kelly v. Curtis*, 287 A.2d 426, 429 (Me.1972); *Rogers v. Brown*, 135 Me. 117, 119, 190 A. 632, 633 (1937). The record before us fails to show that review of the plaintiff's action would have been formerly available under either certiorari or mandamus.

 In reviewing the SHA's actions under the extraordinary writ of certiorari, we note that "[a]n agency's actions are quasi-judicial in nature when it adjudicates the rights of a party before it." *Lyons*, 503 A.2d at 236. The characterization of an administrative agency's action as judicial or quasi-judicial in nature to be reviewable under certiorari "depends on the nature of the act performed, rather than on the character of the officer or body performing it." *Carter v. Wilkins*, 160 Me. at 294, 203 A.2d at 684, quoting 14 Am.Jur. *Certiorari* § 17. Nevertheless, the agency's actions may not properly be considered "quasi-judicial" in nature where the party appearing before that agency possessed no right to appear before it in the first instance. Such was the case in both *Lyons* and in matter presently before this court.

In *Lyons*, we vacated the judgment and remanded to the Superior Court, which in turn vacated a decision of the Board of Directors of School Administrative District No. 43 (Board) terminating the plaintiff's employment with the Board. Although the plaintiff in *Lyons* suggested that the school district's educational policy statements restricted the Board's discretion in terminating his employment, we were unable to conclude, from the record before us, that the policy statements *per se* conferred any right of continued employment with the school board. As the plaintiff failed to allege any contractual rights or any constitutionally protected property or liberty interest in continued employment with the Board, we concluded that "[t]here [was] no indication that the plaintiff had any right that restricted the Board's discretion to

---

**3.** The Advisory Committee's Notes to the 1983 amendments to M.R.Civ.P. Rule 80B state the following:

> The determination of when review is "otherwise available by law" remains a difficult one despite more than 15 years of practice under this provision, first adopted by amendment of Rule 80B in 1967. If the review sought is not "provided by statute," or if applicable statutory review provisions do not provide an adequate or complete remedy, appropriate review is "otherwise available by law" under Rule 80B if it is within either (1) the traditional scope of review of one of the extraordinary writs as determined by the direct application of prior authority delineating that scope of review in cases comparable to that before the court; or (2) a common-law extension of the scope of review of one of the extraordinary writs to a case not previously held to be

> within it. In determining whether to make such an extension, the court must address the basic policy question whether nonstatutory judicial review of executive action in the particular situation is appropriate in light of the necessary deference which a reviewing court must show, both to the proper scope to be allowed to execute action in its own sphere and to the intention of the legislature in setting up the statutory scheme under which the executive agency operates. This deference, if not mandated by constitutional separation-of-powers principles, at least reflects a rule of judicial restraint that is an extension of those principles.

Me.Rptr., 459–466 A.2d XLIII–XLIV. *See also* Comment, *Rule 80B and Nonstatutory Judicial Review of Administrative Action in Maine*, 23 Me.L.Rev. 419 (1971).

terminate his employment." *Id.*, 503 A.2d at 237 and n. 4. The plaintiff, in effect, was an employee at will. The fact that the Board erroneously suggested that such a right actually existed and conferred on Lyons "a right to which he was not entitled does not warrant a conclusion that the Board acted in a quasi-judicial capacity unless in fact that right existed." *Id.* at 238. Because the plaintiff's right to appeal the Board's action was neither available by statute nor "otherwise available by law," we held that the Superior Court lacked jurisdiction to review the Board's action under Rule 80B. *Id.*

Similarly, the plaintiff in the present case was an employee at will.[4] As such, her position with the SHA was terminable at the will of either party. *See, e.g., Broussard v. Caci, Inc. Federal*, 780 F.2d 162, 163 (1st Cir.1986); *Buchanan v. Martin Marietta Corp.*, 494 A.2d 677, 678 (Me. 1985); *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 99 (Me.1984). However, unlike the plaintiff in *Lyons*, the plaintiff here contends that she was entitled to 30 days notice based on the SHA's personnel policy manual, which required that either party give 30 days notice prior to the cessation of the employment relationship.[5] It is her position that the failure of the SHA to provide such notice amounted to a violation of her procedural due process rights under Article I, Section 6–A of the Maine Constitution and under the Fourteenth Amendment to the U.S. Constitution. In particular, the plaintiff claims that she possessed both a property interest and a liberty interest in her position as Secretary and Executive Director of the SHA.

■■■ The plaintiff's allegations do not establish an independent basis for review pursuant to Rule 80B as "otherwise available by law" under the extraordinary writ of certiorari. When as a matter of state law, one is employed at the will and pleasure of his employer, he or she has no property interest in continued employment that is entitled to constitutional protection. *See Bishop v. Wood*, 426 U.S. 341, 345 n. 8, 96 S.Ct. 2074, 2078 n. 8, 48 L.Ed.2d 684 (1976).[6] Any property interest that might have arisen from the SHA's failure to provide her with 30 days notice of termination under the terms of its personnel policy manual was extinguished by the payment to the plaintiff of 30 days severance pay. *See, e.g., Breeden v. City of Nome*, 628 P.2d 924, 927 (Alaska 1981). Similarly, the plaintiff was not entitled to a hearing because of her at-will status. The fact that she was given one by the SHA, during which (she claims) her reputation was damaged, thereby foreclosing her ability to take advantage of other employment opportunities, does not confer on her a right that she never possessed in the first place.[7] Because no constitutionally protected prop-

---

4. The plaintiff conceded her employee at will status at oral argument.

5. The SHA Personnel Policy manual provided: The Executive Director shall: ...
 r. In the event that the Executive Director shall resign his position, submit his resignation, in writing, to the Chairman of the Board of the Town of Sanford Housing Authority at least thirty (30) days before such resignation shall become effective. Likewise, he shall be given at least thirty (30) days notice if he is relieved of his duties.

6. *See, generally, Barber v. Inhabitants of Town of Fairfield*, 460 A.2d 1001, 1007–1008 (Me. 1983), *aff'd* 486 A.2d 150 (Me.1985); *Hammond v. Temporary Compensation Review Bd.*, 473 A.2d 1267, 1271–73 (Me.1984); *Lovejoy v. Grant*, 434 A.2d 45, 49–50 (Me.1981).

7. As to the plaintiff's alleged liberty interest, *see, generally, Codd v. Velger*, 429 U.S. 624, 627–628, 97 S.Ct. 882, 883–884, 51 L.Ed.2d 92 (1977); *Bishop v. Wood*, 426 U.S. 341, 347–349, 96 S.Ct. 2074, 2078–2080, 48 L.Ed.2d 684 (1976); *Paul v. Davis*, 424 U.S. 693, 699–712, 96 S.Ct. 1155, 1159–1166, 47 L.Ed.2d 405 (1976); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–575, 92 S.Ct. 2701, 2705–2708, 33 L.Ed.2d 548 (1972); *see also Campbell v. State of Maine*, 632 F.Supp. 111, 115 n. 8 (D.Me.1985), *aff'd*, 787 F.2d 776 (1st Cir.1986). We also note that the plaintiff requested that the meeting at which her employment relationship with the SHA was terminated be held open to the public, and that she was represented by counsel, permitted to make statements, offer exhibits and confront witnesses.

erty or liberty interests were implicated, she was not entitled to a hearing prior to termination. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 569–578, 92 S.Ct. 2701, 2705–2710, 33 L.Ed.2d 548 (1972). Nor does the fact that the SHA gratuitously conducted a hearing that appeared to adjudicate the rights of the plaintiff transform that hearing into one which was "quasi-judicial" in nature for purposes of determining whether the court has jurisdiction to conduct a Rule 80B review. *Cf. Lyons,* 503 A.2d at 238 ("Merely because the Board erroneously conferred on the plaintiff a right to which he was not entitled does not warrant a conclusion that the Board acted in a quasi-judicial capacity unless in fact that right existed.")

Similarly, the plaintiff's allegations do not establish that review would have been formerly available under the extraordinary writ of mandamus and thus provide a basis for review that is "otherwise provided by law." The plaintiff seeks, *inter alia,* a hearing before the SHA to be preceded by 30 days notice in accordance with the SHA personnel policy provisions, in order to clear her name and to be able to respond to criticism leveled against her at the time of the hearing preceding her termination. However, the plaintiff was not entitled to a hearing in the first instance and therefore cannot be said to have sought "the ministerial performance of a specific duty that [she] was entitled to have performed ..." *See Your Home, Inc. v. City of Portland,* 505 A.2d at 489. Since the record does not show that the plaintiff's request for performance could have formerly been made in an action for mandamus, the Superior Court's review was not "otherwise available by law."

Because the plaintiff's right to appeal the actions of the SHA is not provided by statute and is not "otherwise available by law," we conclude that the Superior Court lacked jurisdiction to review the SHA's actions on the plaintiff's complaint brought pursuant to Rule 80B.

The entry is:

Judgment vacated.

Remanded to the Superior Court with instruction to dismiss Count II of the complaint for lack of jurisdiction.

All concurring.