STATE OF MAINE
ANDROSCOGGIN, ss.

RECEIVED & FILED

JUL 1 2 2000

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-99-022
REC-AND-7./12/2000
DONALD L. GARBRECHT
LAW LIBRARY

IL 18 2000

Faylene Webster and
James Platz

    Appellants

    v.

The City of Auburn and
Tim Morse

    Appellees

)
)
)
)
)
)
)
)
)
)
)
)
)
)

DECISION AND ORDER

## FACTS and BACKGROUND

On August 27, 1999, appellants James Platz (Platz) and Faylene Webster

(Webster) filed an 80B complaint seeking review of the decision of City of Auburn

to issue Tim Morse (Morse) an Entrance Permit (Permit) for a truck terminal.

Previously, Morse had sought approval from both the Town of Poland and the

City of Auburn to build a bark mulch processing plant (Plant) on property

straddling the Poland-Auburn boundary (Hardscrabble Road).[1] The Town of

Poland and the City of Auburn both approved the Plant. Subsequently,

appellants appealed both the Poland Board's decision to approve the issuance of a

conditional use permit and the Auburn Board's decision to approve the site plan

for the Plant.

On December 15, 1998, this Court held that the Auburn Planning Board's

---

[1]    Appellant Platz's residential property is located within one-half mile of the
Hardscrabble Road site on the Poland side. Platz also has property and a business in Auburn.
Appellant Webster's residential property abuts the site on the Poland side. Webster has since
moved from this property although she still owns it.

approval of the Plant was unlawful because the portion of the lot located in Auburn was zoned for agricultural and resource protection use at the time Morse's site plan was evaluated.[2] Conversely, the Poland Board's decision to approve the conditional use permit was affirmed.

In the present appeal, both Platz and Webster allege that the Auburn City Engineer issued the Permit under material misrepresentations of fact. They assert that Morse intends to route truck traffic through Auburn to the proposed bark mulching Plant located in Poland. They argue that in light of this Court's December 15, 1998 decision, the accessory use of an access drive for trucks to enter the site is unlawful.

Appellants further allege that Morse is attempting to circumvent the December 15, 1998 decision by seeking piecemeal approval of the Plant and that by issuing the Permit, the City of Auburn abused its discretion and committed errors of law. Lastly, appellants argue that they should have received notice from the City of Auburn when the Permit was approved on June 10, 1999 and

---

[2] The Court held that permitted uses must be accessory to principal uses *otherwise* permitted and that since the principal use was prohibited, the "accessory uses" proposed for the site were also prohibited under the ordinance. Auburn's Zoning Ordinance was thereafter amended to allow industrial uses in the area where the Morse Bros.' accessory uses for the bark mulching plant was to be located. As a result, Morse sought a retroactive application of the amendment to permit industrial activity on the Auburn portion of the site. At the time the Auburn Board evaluated the Morse Bros.' site plan, the Auburn portion of the lot was zoned for agricultural and resource protection use. Absent a specific provision to the contrary, the amendment to the ordinance could not be applied retroactively to the Board's decision that was pending or already decided when the ordinance was enacted. Therefore the Court did not apply the amended ordinance.

subsequently issued to Morse.[3] Appellants claim that they have standing to bring this appeal based on their involvement in the previous appeal, the location of their respective residential properties in relation to the Hardscrabble Road site, the potential devaluation of their property, the potential adverse effects from the noise, air, water and aesthetic pollution and the disruption of the neighborhood's rural character.

The record on appeal in this case consists of Morse's Application for an Entrance Permit and an Entrance Design. Morse has moved to dismiss the appeal. At issue in this case is whether appellants have a right to appeal from the City of Auburn Engineer's grant of the Entrance Permit to Appellee Morse.

## DISCUSSION

Chapter 27, § 3.3(b) of the City of Auburn Zoning Ordinance, does not provide appellants with an express right to appeal the *grant* of the Entrance Permit issued to Morse. The Ordinance only provides a right to appeal to the City Manager from the *denial* of a permit. Moreover, the Ordinance does not require that those parties who may be adversely affected by the grant of an Entrance Permit receive notice.

The Appellees challenge the standing of the Appellants to contest the

---

[3] Appellants contend that they had previously requested that the City of Auburn keep them informed of any renewed attempts by Morse to proceed with further approvals from the City for the bark mulch project. However, on July 27, 1999 Attorney Geismar, Morse's counsel, notified appellants' counsel that the Permit had been issued to Morse.

granting of the Permit. Standing to sue means that the party, at the commencement of the litigation, has a sufficient personal stake in the controversy to obtain judicial resolution of that controversy. Halfway House, Inc. v. City of Portland, 670 A.2d 1377, 1379 (1996). The "gist of the question of standing" is whether the party seeking review has a sufficient personal stake in a justiciable controversy to assure the existence of that "concrete adverseness" that facilitates diligent development of the legal issues presented. Id. at 1380. Courts cannot issue opinions on questions of fact or law simply because the issues are disputed or interesting. Courts can only decide cases before them that involve justiciable controversies. Justiciability requires a real and substantial controversy, admitting of specific relief through a judgment of conclusive character. Lewiston Daily Sun v. School Administrative District No. 43, 1999 ME 143, ¶ 12. Not all administrative governmental action is appealable as a justiciable controversy. If a case does not involve a justiciable controversy, it is moot. Id. at ¶ 13.

Platz and Webster have failed to demonstrate the requisite particularized injury necessary to bring the appeal. They allege that if the Permit is not vacated, it will result in the eventual development of the Plant. The claimed particularized injury from the previous appeals cannot simply be substituted in the case at bar. Here, only the grant of the Permit to permit an entrance to the Auburn premises from the public way is at issue, not the proposed development of the Plant which has previously been twice litigated.

4

In this case, Morse's potential underlying use of the land to route truck traffic through Auburn to a Plant in Poland, does not constitute particularized injury flowing from the Entrance Permit. Accordingly, Platz and Webster do not present sufficient facts which rise to the level of a potential particularized injury. Appellants have presented no basis on which the Court could conclude that they have suffered particularized injury resulting from the Entrance Permit in and of itself. In order to substantiate claims of particularized injury Appellants must show that such injury flows from the actual curb cut, not the proposed bark mulch plant.

Significantly, the City of Auburn did not provide a right to appeal from the grant of an Entrance Permit. Neither does the ordinance require that notice of the application or a grant of the permit be given to anyone. M.R.Civ.P. Rule 80B provides only the procedure for review of governmental action but does not create an independent right to appeal from such action. Review is deemed "otherwise available by law" if it is in the nature of that formerly available under the common law extraordinary writs, such as certiorari, mandamus or prohibition, adapted to current conditions. Dowey v. Sanford Housing Authority, 516 A.2d 957, 959 (1986). If the review sought is not provided by statute, review is "otherwise available by law" under Rule 80B if it is within either: 1.) the traditional scope of review of one of the extraordinary writs as determined by the direct application of prior authority delineating that scope of review in cases comparable to that before the court; or 2.) a common-law

5

extension of the scope of review of one of the extraordinary writs to a case not previously held to be within it. Id. at 960 (citations omitted).

The "otherwise available by law" language of M.R.Civ.P. 80B triggers Superior Court review of an action formerly available under the common law writ of certiorari when a agency's actions are quasi-judicial in nature. Id. at 960. An agency's actions are "quasi-judicial" in nature when it adjudicates the rights of a party before it. The characterization of an administrative agency's action as judicial or quasi-judicial depends on the nature of the act performed, rather than on the character of the officer or the body performing it. However, an agency's actions may not properly be considered "quasi-judicial" in nature where the party seeking judicial review possessed no right to appear before the agency in the first instance. Id. at 960.

Lastly, Appellants do not establish that they are entitled to review by way of the common-law writ of mandamus. They were not entitled to a hearing and thus cannot be said to have sought the ministerial performance of a specific duty that they were entitled to have performed. Id. at 962. Accordingly, mandamus. does not apply.

Therefore, unless Appellants establish a constitutionally protected property interest that has been abridged, no right to appeal exists. Appellants have cited no authority and the court has found none which would support a claim that the City's granting of the Permit abridges a constitutionally protected property interest of the Appellants.

6

Accordingly, the court ORDERS that the appeal be DISMISSED and that the grant of the Entrance Permit to Tim Morse be AFFIRMED.

The clerk shall incorporate this Order into the docket by reference. So Ordered.

Dated: _July 12, 2000_

Robert E. Crowley
Justice, Superior Court


Attorney for the Appellants:

Jeffrey Rosenblatt, Esq.
Berman & Simmons, P.A.
129 Lisbon Street, P.O. Box 961
Lewiston, Maine 04243-0961

Attorney for the Appellee Morse:

Susan E. Oram, Esq.
Bonneau & Geismar, LLC
100 Lisbon Street, P.O. Box 7230
Lewiston, Maine 04243-7230

Attorney for the Appellee City of Auburn:

Catherine R. Connors, Esq. and Helen L. Edmonds, Esq.

7