STATE OF MAINE

CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 03-469

MORIARTY WATER WORKS, INC.,

Plaintiff

v.

DONALD L. GARBRECHT
LAW LIBRARY

ORDER

PORTLAND WATER DISTRICT,

Defendant

NOV 2  2003

Before this court is Plaintiff, Moriarty Water Works, Inc.'s Motion for Trail, pursuant to M. R. Civ. P. 80B(d).

## FACTS

Plaintiff Moriarty Water Works, Inc. is a corporation based in Ashland, New Hampshire. On or about May 21, 2003, Defendant, Portland Water District, issued a request for proposals to firms interested in conducting the testing and repair of water meters. Plaintiff submitted a proposal offering to perform work at a certain price, along with several other firms, including E.J. Prescott.

Extensive communications took place between Plaintiff and Defendant during the weeks leading up to the announcement of the winning bid. Despite these communications, however, Defendant awarded the contract to E.J. Prescott. Subsequent to this, Plaintiff filed a complaint in Superior Court. In addition, on September 23, 2003, Plaintiff made a motion for a trial, pursuant to M. R. Civ. P. 80B(d).

## DISCUSSION

For this matter to be reviewable under Rule 80B, review must be either "provided by statute or [be] "otherwise available by law." M. R. Civ. P. 80B(a). "Rule 80B does not create an independent right to appeal any governmental action to the

Superior Court. It only provides a procedural avenue for those disputes in which the court has jurisdiction." Lyons v. Board of Directors of School Administrative District NO. 43, 503 A.2d 233, 235 (Me. 1986) (citations omitted).

In the case at bar, this court has been unable to find, nor do the parties assert, that a statutory right of appeal exists in regard to the Defendant's purchasing decisions. Therefore, the next step of the inquiry is to determine whether review by the Superior Court is "otherwise available by law." "Review is deemed 'otherwise available by law' if it is in the nature of that formerly available under the common law extraordinary writs, such as certiorari, mandamus or prohibition, adapted to current conditions." Lyons, 503 A.2d at 236 (citation omitted).

First,

> [i]n order for an appeal to be properly brought under the writ of certiorari, an appellant had to demonstrate that he was appealing from a decision of a governmental agency performing a judicial or quasi-judicial function. A judicial proceeding has been defined as adjudication of the rights of parties who appeal to or are brought before a tribunal by notice or process.

Windham v. Portland Water District, 537 A.2d 216, 219 (Me. 1986) (citation omitted). "An agency's actions are quasi-judicial in nature when it adjudicates the rights of the party before it." Lyons, 503 A.2d at 236 (citation omitted). In this case, Defendant was purchasing services for the testing and repair of water meters. This function does not involve adjudicating the rights of the parties before it. Instead, it involves a purely discretionary function of choosing the best party for the position. Hence, this court finds that this action could not be properly brought under a writ of certiorari.

Next, "[p]rohibition was issued only under extreme necessity 'to direct any inferior tribunal to cease abusing its power or usurping judicial functions that did not rightly belong to it." Lyons, 503 A.2d at 236 n.3 (citing R. Field & V. McKusick, Maine

<u>Civil Practice</u> § 81.6 at 617 (1st ed. 1959)). Since, this court has already determined that the Defendant was not acting as a judicial or quasi-judicial tribunal, it also finds that this common law action of prohibition could not properly be brought in this case.

Finally, this court will address the common law writ of mandamus. "Mandamus is an extraordinary remedy." <u>Rogers v. Brown</u>, 135 Me. 117, 119, 190 A. 632, 633 (1937). "The writ is one requiring the doing of some specific duty, imposed by law, which the applicant, otherwise without remedy, is entitled to have performed. The process cannot be used to work an appeal. Neither can it be used to coerce or superintend duty, in the discharge of which, by law, officers are given discretion." <u>Id</u>. (citations omitted). Here, the Plaintiff is using the process as an appeal. Hence, this court finds a writ of mandamus would also be inappropriate.

Therefore, viewing the totality of the circumstances, this court finds that there exists no statutory or common law basis to appeal the Defendant's purchasing decision under M. R. Civ. P. 80B.

Moreover, the Plaintiff further argues, in its reply brief, that it can also seek redress pursuant to M. R. Civ. P. 80C. First, this court notes that Plaintiff brought this argument forward in its reply memorandum. Pursuant to M. R. Civ. P. 7(e), "the moving party may file a reply memorandum, which shall be strictly confined to replying to new matter raised in the opposing memorandum." Since, the Defendant did not raise this Rule 80C argument in its opposing memorandum, this court finds that the Plaintiff cannot raise this new issue in its reply memorandum.

However, even disregarding this fact, this court finds that this appeal does not fall within the purview of Rule 80C. Rule 80C requires that the mode of review of a "final agency action or the failure or refusal of an agency to act shall be brought in Superior Court pursuant to 5 M.R.S.A. § 11001," the Administrative Procedures Act

("Act"). M. R. Civ. P. 80C(a). Pursuant to the Act, the definition of agency excludes "special purpose districts or municipalities . . ." 5 M.R.S.A. § 8002(2) (2003). Here, the Defendant is the Portland Water District, which is a special purpose district. Hence, this court finds that M. R. Civ. 80C also does not apply in this case.

WHEREFORE, this court **DENIES** Plaintiff's Motion for Trial, pursuant to M. R. Civ. P. 80B.

Dated: November _3_, 2003

Roland A. Cole
Justice, Superior Court

MORIARTY WATER WORKS, INC - PLAINTIFF

Attorney for: MORIARTY WATER WORKS, INC
JED DAVIS
MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330

Attorney for: MORIARTY WATER WORKS, INC
KEVIN M FITZGERALD
LAW OFFICE OF KEVIN M. FITZGERALD
232 BRIGHTON AVENUE #2
PORTLAND ME 04102

vs
PORTLAND WATER DISTRICT - DEFENDANT

Attorney for: PORTLAND WATER DISTRICT
SETH BREWSTER
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Filing Document· COMPLAINT

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2003-00469

**DOCKET RECORD**