STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-013

RECEIVED & FILED

AUG 0 1 200

ANDROSCOGGIN
SUPERIOR COURT

CITY OF AUBURN,

Petitioner

DECISION AND ORDER

v.

ANDROSCOGGIN COUNTY
COMMISSIONERS,

Respondents

## BEFORE THE COURT

This matter comes before the court on the petitioner's Rule 80B appeal of the failure of the Androscoggin County Commissioners (Commissioners) to provide the petitioner with the supplemental process it requested. Both parties have also filed opposing claims seeking a declaratory judgment that certain actions taken by one another were illegal. Because the court has no jurisdiction to address any of the complaints before it, all claims pending in this case must be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

The dispute in this case stems from a scheduling conflict for the City of Auburn (the City), the petitioner in this appeal. The problem began when the City received notice from the Commissioners on July 12, 2007 of the date for the District II caucus to nominate members to sit on the Androscoggin County Budget Committee (Budget Committee) for three-year terms. It appears from the record that the Commissioners subsequently received inquiries concerning the process, and on July 30, 2007, they sent a letter to municipal officers informing them of the need to be present at the caucus to nominate candidates and vote for representatives. The caucus was held on August 15,

2007, but no municipal officers from the City appeared. Accordingly, no one from Auburn was nominated to sit on the Budget Committee. On September 5, 2007, the Commissioners met to count the ballots for all three county districts, and to certify the results. The Acting City Manager attended that meeting and asked the Commissioners to take some additional action to afford the City of Auburn with representation on the Budget Committee. The Commissioners declined to do so, and this appeal, including a request for a declaratory judgment, followed.

Subsequent to the filing of the City's complaint, the Budget Committee held its first meeting. At that meeting, the Budget Committee members asked for nominations from Minot, Poland, Mechanic Falls and Auburn to fill the two empty positions that it treated as vacancies. On October 31, 2007, two citizens from the City were appointed as members to the Budget Committee. Three days later, the Commissioners amended their answer to include a counterclaim for a declaratory judgment against the City that its action in nominating two residents for the Budget Committee vacancies, and the subsequent appointments, were illegal.

## DISCUSSION

### I.    80B Appeal

This court has the authority to review "any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer" when such review "is provided by statute or is otherwise available by law." M.R. Civ. P. 80B(a). Because the statute at issue here does not provide any mechanism for judicial review, the court must determine if review "is otherwise available by law." As the Law Court has explained, "Rule 80B does not create an independent right to appeal any governmental action to the Superior Court, but only provides the procedure to be followed for those disputes in which the court has jurisdiction." *Dowey v. Sanford*

- 2 -

*Housing Authority*, 516 A.2d 957, 958 (Me. 1986) (internal quotations and citations omitted). If judicial review in a particular case would be "in the nature of that formerly available under the common law extraordinary writs, such as certiorari, mandamus, or prohibition," this court has jurisdiction over the matter. *Id.* In this case, because the petitioner is seeking relief in the form of mandamus, the court must determine if such a remedy is available.

Mandamus may be had when a plaintiff can show "(1) that it has the right to have the act done; (2) that it is the plain duty of the defendant to do the act; and (3) that the writ will be availing and that the plaintiff has no other sufficient and adequate remedy." *Portland Sand & Gravel, Inc. v. Town of Gray*, 663 A.2d 41, 43 (Me. 1995) (citations omitted). According to the Law Court, "mandamus can be used to compel officials to perform only mandatory, not discretionary, functions, although it may be used to compel them to exercise their discretion." *Dunston*, 590 A.2d at 528 (citations omitted). A review of the statute concerning elections of members to the Budget Committee reveals no mandatory function with which the Commissioners have not already complied.

30-A M.R.S. § 723(1) details the process that the Commissioners are required to provide with respect to the establishment of the budget committee. Pursuant to that section, the Commissioners are to "notify all municipal officers in the county to caucus by county commissioner districts at a specified date, time and place for the purpose of nominating at least three residents of the district of voting age as candidates for the county budget committee." *Id.* at § 723(1)(A). The names of persons who are nominated at the caucus are to be placed on written ballots provided and distributed by the Commissioners to municipal officers. *Id.* at § 723(1)(B). Once the municipal officers vote, they return the ballots to the Commissioners and the ballots are counted at a

regular meeting. *Id.* at § 723(1)(B), (C). The statute also provides a formula for weighting the votes of each municipality to ensure representation based on population. *Id.* at § 723(1)(D). The last obligatory steps for the Commissioners are to notify the municipalities of the election results in writing, and certify those results to the Secretary of State. *Id.* at § 723(1)(C).

In this case, the Commissioners did everything that they were required to do by statute. Simply because no one from Auburn appeared at the district caucus does not mean that the Commissioners acted inappropriately. While the plain language of the statute reveals that the intent of the Legislature was to guarantee proportionate representation on the Androscoggin County Budget Committee, there is no provision to require or even allow the Commissioners to hold additional elections when a municipality fails to appear to caucus for that representation. There is neither a mandatory nor discretionary function in the statute that this court can order the Commissioners to perform. Accordingly, this court has no jurisdiction to order the Commissioners to provide any "supplemental" process to the City and the appeal must be dismissed.

## II.    Independent Claims

Because the petitioner's appeal cannot be granted, its claim for a declaratory judgment is similarly barred. As the Law Court has noted, the Declaratory Judgments Act "does not establish a *subject-matter jurisdiction* by which the Superior Court achieves power to act." *Walsh v. City of Brewer, Me.*, 315 A.2d 200, 209-10 (Me. 1974) (emphasis in original). Likewise, although neither the claim nor the counterclaim is properly before the court at this time, the court cannot entertain the respondent's counterclaim for a declaratory judgment. Simply put, this court cannot rule on every dispute that may arise between government entities, but is limited in its jurisdiction to review only those

- 4 -

executive actions that are required by statute or would warrant a remedy formerly available through a common law extraordinary writ. *See* M.R. Civ. P. 81(c). Because the court does not have jurisdiction to review the actions of either party in this regrettable disagreement, the claim and counterclaim must also be dismissed.

## CONCLUSION

For the reasons discussed above, the 80B appeal of the City of Auburn is DISMISSED, as are both parties' independent claims for declaratory judgments.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED:  August 1, 2008

_____
Joyce A. Wheeler, Justice